[No. S104995. Jan. 22, 2004.]

THE PEOPLE, Plaintiff and Appellant, v.
ROOSEVELT LORENZO TONEY, Defendant and Respondent.

## COUNSEL

John D. Phillips, District Attorney, Kevin A. Hicks and David Wellenbrock, Deputy District Attorneys, for Plaintiff and Appellant.

Dennis L. Stout, District Attorney (San Bernardino), Grover D. Merritt and Mark A. Vos, Deputy District Attorneys, for California District Attorneys' Association as Amicus Curiae on behalf of Plaintiff and Appellant.

William J. Arzbaecher III, under appointment by the Supreme Court, and Erlinda G. Castro, under appointment by the Court of Appeal, for Defendant and Respondent.

## OPINION

**KENNARD, J.**—At issue here is the interplay between certain subdivisions of two Penal Code statutes, sections 1538.5 and 871.5.[1]

Section 1538.5 sets out the procedures for defense motions to suppress evidence in criminal cases. Its subdivision (p) generally prohibits the prosecution from refiling dismissed charges if the defendant's suppression motion "has been granted twice."

Section 871.5 pertains to actions dismissed at a preliminary hearing by a magistrate.[2] Section 871.5's subdivision (a) gives the prosecution the option of asking the superior court "to compel the magistrate to reinstate" the dismissed complaint.

In this felony drug offense case, the superior court granted defendant's motion to suppress evidence and dismissed the case, No. SC063235A, on the prosecution's motion. (§ 1385, subd. (a).) Thereafter, based on the same charges, the prosecution filed a second complaint, No. SF078107A. At the preliminary hearing, the magistrate granted defendant's suppression motion and dismissed the case for insufficient evidence. (§ 871.) The prosecution then sought to have the superior court "compel the magistrate to reinstate the

---

[1] Further statutory references are to the Penal Code.

[2] The "magistrate," who in a felony case presides at the preliminary hearing to decide whether the evidence is sufficient to hold a defendant to answer (§§ 859b, 861), is a judicial officer with "power to issue a warrant for the arrest of a person charged with a public offense" (§ 807). Judges of the Supreme Court, the Courts of Appeal and the superior court are magistrates. (§ 808.) "[W]hen sitting as magistrates," judges of these courts "have the jurisdiction and powers conferred by law upon magistrates, and not those which pertain to their respective judicial offices." (*People v. Crespi* (1896) 115 Cal. 50, 54 [46 P. 863].)

complaint" under section 871.5, subdivision (a). The court denied the motion, citing subdivision (p) of section 1538.5, which prohibits the refiling of dismissed charges if the defendant's suppression motion "has been granted twice." The Court of Appeal affirmed. We reverse.

## I

As noted at the outset, we here consider the interplay between certain subdivisions of two statutes, sections 1538.5 and 871.5.

Section 1538.5, subdivision (a)(1) describes the procedures governing a defense motion to suppress "any tangible or intangible thing obtained as a result of a search or seizure" in a criminal case.

Subdivision (j) of section 1538.5 pertains to suppression motions in felony cases brought before a magistrate at a preliminary hearing. Pertinent here is that part of subdivision (j) allowing the prosecution certain remedies after the magistrate *grants* a suppression motion and *does not hold the defendant to answer*: "[T]he people may file a new complaint or seek an indictment after the preliminary hearing, and the ruling at the prior hearing [on the suppression motion] shall not be binding in any subsequent proceeding, *except as limited by subdivision (p). In the alternative, the people may move to reinstate the complaint . . . pursuant to Section 871.5.*" (Italics added.) We now turn to section 1538.5, subdivision (p) and section 871.5.

Subdivision (p) of section 1538.5 states in relevant part: "If a defendant's motion to return property or suppress evidence in a felony matter *has been granted twice*, the people may not file a new complaint or seek an indictment in order to relitigate the motion . . . as otherwise provided by subdivision (j), unless the people discover additional evidence relating to the motion that was not reasonably discoverable at the time of the second suppression hearing." (Italics added.)

Section 871.5 provides in subdivision (a): "When an action is dismissed by a magistrate [under various statutes including section 871] the prosecutor may make a motion in the superior court within 15 days to compel the magistrate to reinstate the complaint . . . ." And it states in subdivision (c): "The superior court shall hear and determine the motion on the basis of the record of the proceedings before the magistrate." (§ 871.5, subd. (c).)

We must determine whether, as construed by the Court of Appeal, these provisions precluded the superior court from compelling reinstatement of a complaint under section 871.5, subdivision (a) after the magistrate at the

preliminary hearing had granted defendant's second suppression motion and dismissed a second complaint for insufficient evidence.

In construing any statute, "[w]ell-established rules of statutory construction require us to ascertain the intent of the enacting legislative body so that we may adopt the construction that best effectuates the purpose of the law." (*Hassan v. Mercy American River Hospital* (2003) 31 Cal.4th 709, 715 [3 Cal.Rptr.3d 623, 74 P.3d 726].) We begin by examining the words themselves "because the statutory language is generally the most reliable indicator of legislative intent." (*Ibid.*; *People v. Jefferson* (1999) 21 Cal.4th 86, 94 [86 Cal.Rptr.2d 893, 980 P.2d 441].) "The words of the statute should be given their ordinary and usual meaning and should be construed in their statutory context." (*Hassan, supra,* at p. 715; see also *People v. Robles* (2000) 23 Cal.4th 1106, 1111 [99 Cal.Rptr.2d 120, 5 P.3d 176].) If the statutory language is unambiguous, "we presume the Legislature meant what it said, and the plain meaning of the statute governs." (*People v. Robles, supra,* at p. 1111; *People v. Castenada* (2000) 23 Cal.4th 743, 747 [97 Cal.Rptr.2d 906, 3 P.3d 278].) With these rules in mind, we now discuss in greater detail subdivisions (j) and (p) of section 1538.5, as well as section 871.5.

## II

When the magistrate at a preliminary hearing grants a defense motion to suppress evidence, declines to hold the defendant to answer for the charged offenses, and consequently dismisses the complaint, subdivision (j) of section 1538.5 gives the prosecution three options: It may (1) "file a new complaint"; (2) "seek an indictment after the preliminary hearing"; or (3) "move to reinstate the complaint . . . pursuant to Section 871.5." (*Ibid.*)

With respect to the first two options (filing a new complaint or seeking an indictment after the preliminary hearing), subdivision (j) of section 1538.5 conditions the availability of each upon a limitation set out in subdivision (p) of section 1538.5. Subdivision (p) of that same statute prohibits the prosecution from filing a new complaint or seeking an indictment if the defendant's suppression motion has already been "granted twice," unless the prosecution has discovered "additional evidence relating to the [suppression] motion that was not reasonably discoverable at the time of the second suppression hearing." (§ 1538.5, subd. (p).)

The third option the prosecution has after the magistrate at the preliminary hearing has granted a defendant's suppression motion and dismissed the case is to file a motion "to reinstate the complaint . . . pursuant to Section 871.5." (§ 1538.5, subd. (j).) Notably, this third option does not have the limitation expressly applicable to the first two options under subdivision (p) of section

1538.5. As mentioned earlier, that subdivision, absent new evidence, in plain and unequivocal language expressly prohibits the People from filing a new complaint or seeking an indictment after the preliminary hearing if the defendant's suppression motion "has been granted twice." But the Legislature did not make the prosecution's third option subject to the limitation contained in subdivision (p).

■   To summarize: When a magistrate at the preliminary hearing grants a defendant's second motion to suppress evidence and then dismisses the case for insufficient evidence, subdivision (p) of section 1538.5 prohibits the prosecution from filing a new complaint *unless* the prosecution has discovered new evidence pertaining to the suppression motion. But nothing in that subdivision prohibits the superior court from granting the prosecution's motion under section 871.5, subdivision (a) "to compel the magistrate to reinstate the complaint," even if the defendant has twice been successful in having the evidence suppressed. (See § 1538.5, subd. (p).)

The Court of Appeal here acknowledged that subdivision (a) of section 871.5 "facially permits the review of any complaint dismissed pursuant to section 871." But the court concluded that to reinstate a complaint under section 871.5 would violate section 1538.5's subdivision (p), which precludes the prosecution from filing a new complaint after a defendant's suppression motion "has been granted twice" unless the prosecution discovers new evidence relevant to the suppression motion. To allow reinstatement of the complaint under section 871.5 would, according to the Court of Appeal, give the prosecution a third chance to litigate a defendant's twice-granted suppression motion. Not so.

■   In determining whether to compel reinstatement of a complaint dismissed after the granting of a defendant's suppression motion by the magistrate at a preliminary hearing, the superior court reviews the legal soundness of the magistrate's ruling on the suppression motion (*People v. Matelski* (2000) 82 Cal.App.4th 837, 844–846 [98 Cal.Rptr.2d 543]; *Vlick v. Superior Court* (1982) 128 Cal.App.3d 992, 998–999 [180 Cal.Rptr. 742]) based on "the record of the proceedings before the magistrate" (§ 871.5, subd. (c)). Thus, contrary to the Court of Appeal's reasoning, a motion brought by the prosecution under section 871.5 is not a *relitigation* of the defendant's suppression motion. Instead, it is simply a means to have the superior court determine the legal propriety of the magistrate's dismissal of the complaint after granting the defendant's motion to suppress evidence.

Defendant contends that reinstatement of the complaint in this case would violate the two-dismissal rule of section 1387, subdivision (a). We disagree. That subdivision provides in relevant part: "An order terminating an action

pursuant to this chapter, or Section . . . 871 . . . is a bar to any other prosecution for the same offense if it is a felony . . . and the action has been previously terminated pursuant to this chapter, or Section . . . 871 . . . ." (*Ibid.*) These requirements, defendant asserts, are met here. Defendant notes that the superior court's dismissal of the original complaint charging him with the June 12, 1998 felony drug offenses (No. SC063235A) qualifies the action as having "previously been terminated pursuant to this chapter," because the dismissal was under section 1385, subdivision (a), a provision appearing in the same "chapter" as section 1387. (Pen. Code, tit. 10, ch. 8.) Defendant further observes that the dismissal of the June 12, 1998, drug offenses in this case (No. SF078107A) qualifies as a second dismissal under section 1387 because the magistrate "terminat[ed] the action pursuant to . . . Section . . . 871." Defendant then argues that after these two dismissals (the first by the superior court and the second by the magistrate upon the prosecution's refiling of the dismissed charges), reinstatement of the complaint in case No. SF078107A would be barred by section 1387, subdivision (a) as another "prosecution for the same offense." As we explain below, defendant is wrong in characterizing reinstatement of a complaint under section 871.5 as *another prosecution* for the same offense.

In *Ramos v. Superior Court* (1982) 32 Cal.3d 26 [184 Cal.Rptr. 622, 648 P.2d 589] (*Ramos*), this court discussed the relationship between section 1387's two-dismissal rule and section 871.5's provision for reinstatement of a complaint. *Ramos* was a capital murder case in which the magistrate at the preliminary hearing dismissed both the murder charge and the financial-gain special-circumstance allegation for insufficient evidence. Thereafter, the prosecution alleged the same charges in a second complaint. A different magistrate held the defendant to answer on the murder charge but dismissed the special circumstance allegation. After this second dismissal of the special circumstance allegation, the prosecution filed an information in superior court charging the defendant with murder and alleging the same special circumstance, but doing so "without seeking reinstatement of the dismissed special circumstance allegation under section 871.5." (*Ramos, supra,* at p. 29.) The superior court denied the defendant's motion to strike the special circumstance allegation. We then granted the defendant's petition for writ of prohibition. We concluded that after a second dismissal of the special circumstance allegation, further proceedings on that allegation were barred by section 1387, subdivision (a) as an " 'other prosecution for the same offense.' " (*Ramos, supra,* at p. 36.)

**(3)** Pertinent here is the comment in *Ramos* that this court's "interpretation of section 1387 [did] not leave the People without means to challenge a second order of a magistrate dismissing all or a portion of a complaint." (*Ramos, supra,* 32 Cal.3d at p. 36.) We observed that the Legislature in 1980 "added a new Penal Code provision—section 871.5—which provides the People with a

specially designed procedure for challenging a magistrate's dismissal order." (*Ibid.*) The prosecution in *Ramos* had not followed that procedure, however. Instead, the prosecution "attempted simply to ignore the second dismissal [of the special circumstance allegation] by proceeding directly" to superior court and filing an information alleging the same special circumstance that had already been dismissed twice. (*Ramos, supra,* at pp. 36–37.) *Ramos* thus reflects this court's view that section 1387's two-dismissal rule will *not* bar reinstatement of a complaint under section 871.5.[3]

### DISPOSITION

Because the Court of Appeal erred in upholding the superior court's denial of the prosecution's section 871.5 motion to reinstate the complaint in case No. SF078107A, the matter is reversed and remanded for proceedings consistent with this opinion.

George, C. J., Baxter, J., Werdegar, J., Chin, J., Brown, J., and Moreno, J., concurred.

---

[3] We do not address another contention by defendant regarding the prosecution's appeal of the superior court's dismissal of the original complaint, No. SC063235A. Defendant argues that by appealing the merits of the superior court's ruling on defendant's initial suppression motion, the prosecution is bound by the decision rendered in that appeal. (§ 1538.5, subd. (j).) But as defendant concedes, he failed to raise that issue in the Court of Appeal in this case. Thus, it is not properly before us. (See *Jimenez v. Superior Court* (2002) 29 Cal.4th 473, 481 [127 Cal.Rptr.2d 614, 58 P.3d 450].)