POLLAK, Acting P. J.,
Dissenting.—Because the retention of an individual’s DNA sample is not authorized based on an adjudication that the person committed a misdemeanor, and because Proposition 47 requires that offenses redesignated from felonies to misdemeanors under its provisions be treated as misdemeanors ‘“for all purposes” except with respect to firearm restrictions, I believe that the minor (minor) is entitled to the expungement of his DNA sample from the state’s database.
‘“Proposition 47 enacted ‘ ‘“the Safe Neighborhoods and Schools Act” ’ (the Act), effective November 5, 2014. [Citation.] The Act changed portions of the Penal Code and Health and Safety Code to reduce various drug possession and theft-related offenses from felonies (or wobblers) to misdemeanors, unless the offenses were committed by certain ineligible offenders. [Citation.] . . . [¶] In addition to reclassifying certain felonies as misdemeanors, Proposition 47 also added section 1170.18 to the Penal Code.[1] Section *1129 1170.18 provides an opportunity for qualifying offenders who incurred their felony convictions before the effective date of the Act to benefit from the Act’s reclassification provisions. ... As to a person ‘who has completed his or her sentence for a conviction’ of a felony, subdivisions (1), (g), and (h) of section 1170.18 provide that the person may petition the court to have the felony conviction designated as a misdemeanor. [Citation.] The statute . . . provides that a felony conviction that is resentenced or designated as a misdemeanor ‘shall be considered a misdemeanor for all purposes’ except with respect to firearm restrictions . . . .” (Alejandro N. v. Superior Court (2015) 238 Cal.App.4th 1209, 1222-1223 [189 Cal.Rptr.3d 907], fns. & first italics omitted (Alejandro).)[2]
There is no dispute that minor’s prior offense was properly designated a misdemeanor under section 1170.18, subdivision (g). And, as set out in footnote 2 above, subdivision (k) of section 1170.18 provides that “[a]ny felony conviction that is . . . designated as a misdemeanor under subdivision (g) shall be considered a misdemeanor for all purposes, except that such resentencing shall not permit that person to own, possess, or have in his or her custody or control any firearm or prevent his or her conviction [for possession of a firearm].” (Italics added.)
The DNA and Forensic Identification Database and Data Bank Act of 1998 (§ 295 et seq.), as amended, is intended ‘“to require DNA and forensic identification data bank samples from all persons, including juveniles, for the felony and misdemeanor offenses described in subdivision (a) of Section 296.” (§ 295, subd. (b)(2).) Section 296, subdivision (a) specifies only felony offenses and misdemeanors that are sex or arson offenses.[3] The collection of DNA samples from persons adjudicated to have committed any other misdemeanor, including shoplifting, is not authorized. ‘“DNA sampling is not required or authorized for a misdemeanor offense . . . .” (Coffey v. Superior *1130 Court (2005) 129 Cal.App.4th 809, 818,[ 29 Cal.Rptr.3d 59] (Coffey); see also In re J.C. (2016) 246 Cal.App.4th 1462, 1470 [201 Cal.Rptr.3d 731] (J.C.) [“Except as provided in section 296, subdivision (a)(3), persons convicted solely of misdemeanors are not required to provide DNA samples.”].)
In Alejandro, which was decided just days after the trial court’s order in this case, the court agreed that a person whose conviction is reduced from a felony to a misdemeanor under Proposition 47 is entitled to the expungement of his or her DNA from the database. (Alejandro, supra, 238 Cal.App.4th at pp. 1226-1230.) The court explained that section 1170.18, subdivision (k) “reflects the voters [intent that] the redesignated misdemeanor offense should be treated exactly like any other misdemeanor offense, except for firearm restrictions. Because the statute explicitly addresses what, if any, exceptions should be afforded to the otherwise all-encompassing misdemeanor treatment of the offense, and because only the firearm restriction was included as an exception, the enactors effectively directed the courts not to carve out other exceptions to the misdemeanor treatment of the reclassified offense absent some reasoned statutory or constitutional basis for doing so. [¶] At the time they enacted section 1170.18, the voters were presumed to have known of the existing statute authorizing DNA collection for felony, but not misdemeanor, offenders [citation], and yet they did not include DNA collection as an exception to the misdemeanor treatment of the offense. Thus, absent an intervening enactment providing otherwise, future offenders who commit a Proposition 47 reclassified misdemeanor offense will not be subject to DNA collection based solely on that offense.” (Alejandro, supra, at pp. 1227-1228, fn. omitted.) “[T]he voters did not intend that a reclassified misdemeanor offense be deemed a felony for purposes of retention of DNA samples.” (Id. at p. 1228.) If Alejandro was correctly decided and remains good law, minor is clearly entitled to expungement.
The Attorney General argues both that Alejandro was wrongly decided and that, in any event, a statutory amendment adopted subsequent to that decision requires a different result. The decision in J.C. does not adopt the first of these contentions but does agree as to the validity and effect of the statutory amendment.
The Attorney General contends that Alejandro was wrongly decided because section 299, rather than section 1170.18, subdivision (1), governs DNA expungement and section 299 does not provide for expungement in these circumstances. Section 299 authorizes the expungement of one’s DNA from the data bank if the person has not been proved to have committed an offense *1131 justifying collection of the DNA sample.[4] In Alejandro, supra, 238 Cal.App.4th at page 1228, the court held that ‘“[t]he fact that reclassification of a felony to a misdemeanor is not among the grounds listed in section 299 [, subdivision (b)] for DNA expungement does not convince us the remedy is unavailable for Proposition 47 reclassified misdemeanor offenses.” The court explained, ‘“Section 299 provides for DNA expungement when a person ‘has no past or present offense or pending charge which qualifies that person for inclusion within’ the DNA data bank, and then lists several circumstances that provide the basis for an expungement request. [Citations.] The grounds for expungement listed in section 299 concern circumstances where an alleged offender is charged with an offense that qualifies for DNA collection, and then the case is not pursued or is dismissed, or the alleged offender is found not guilty or innocent. [Citation.] In these circumstances, the charged offense retains its qualification for DNA collection, but expungement of the DNA is warranted because the particular defendant is not guilty of that offense. In contrast here, under Proposition 47 the reclassified misdemeanor offense itself no longer qualifies as an offense permitting DNA collection. This circumstance is outside the matters contemplated by the Penal Code DNA expungement statute.” (Alejandro, at pp. 1228-1229, fn. omitted; see also Coffey, supra, 129 Cal.App.4th at p. 817 [rejecting Attorney General’s argument that § 299 is defendant’s ‘“sole remedy” because it is the ‘“only statute[] addressing the destruction, expungement, and retention of DNA samples and profiles collected under the DNA [and Forensic Identification Database and Data Bank Act of 1998].”].) I believe the reasoning in Alejandro is unassailable.
The Attorney General also argues that Coffey compels a contrary result and that Alejandro incorrectly distinguished that case. (Coffey, supra, 129 *1132 Cal.App.4th 809; Alejandro, supra, 238 Cal.App.4th 1209.) In Coffey, the defendant was convicted of a “wobbler” that was charged as a felony, but after the defendant completed a successful probationary period was sentenced as a misdemeanor under section 17.[5] The court rejected the defendant’s contention that his DNA should never have been collected because “[a]t the time the DNA samples were collected from Coffey, he had pled guilty to the charge of felony assault, and had not yet completed the requirements for reduction of the charge to a misdemeanor.” (Coffey, at p. 820.) The court also held that Coffey was not entitled to expungement because even though section 17, subdivision (b) made the offense a “misdemeanor for all purposes,” his plea to the offense as a felony was determinative of the right to enter his DNA into the data bank and section 17 rendered his offense a misdemeanor for all purposes only “thereafter, without any retroactive effect.” (Coffey, at p. 823.) In reaching this conclusion the court relied on the fact that section 299, subdivision (f) explicitly prohibited the court from relieving a person of the obligation to provide a DNA sample if found guilty of a qualifying offense, “ ‘[notwithstanding any other provision of law, including [,s]ection . . . 17: ”[6] (Coffey, at p. 821.) “[B]ecause the Legislature has determined that a defendant whose sentence is reduced to a misdemeanor under section 17, subdivision (b), must provide DNA samples (§ 296), it cannot be that a defendant is insulated from providing DNA samples merely because his sentence is reduced to a misdemeanor under section 17, subdivision (b).” (Coffey, at p. 823.)
Alejandro correctly distinguished the circumstances in Coffey, where the defendant had pled guilty to the offense as a felony but at sentencing the offense was deemed a misdemeanor under section 17, from the situation in which a defendant’s offense has been reclassified as a misdemeanor pursuant to section 1170.18. Reclassification of a conviction under section 1170.18 is not analogous to reduction of charges under section 17. Wobbler offenses may be sentenced and classified as misdemeanors because the court determines in its discretion that the particular circumstances of a case justify *1133 treating the offense as less serious than a felony. Relevant factors in the exercise of that discretion are “ ‘the nature and circumstances of the offense, the defendant’s appreciation of and attitude toward the offense, or his traits of character as evidenced by his behavior and demeanor at the trial.’ ” (People v. Superior Court (Alvarez) (1997) 14 Cal.4th 968, 978 [60 Cal.Rptr.2d 93, 928 P.2d 1171].) While the trial court sentencing a wobbler as a misdemeanor determined that “ ‘the rehabilitation of the convicted defendant either does not require, or would be adversely affected by, incarceration in a state prison as a felon’ ” (People v. Park (2013) 56 Cal.4th 782, 790 [156 Cal.Rptr.3d 307, 299 R3d 1263]), it remains true that the person was found or pleaded guilty to the offense as a felony. In contrast, when the voters reclassified certain offenses as misdemeanors under Proposition 47, they changed the nature of those offenses in all cases from felonies (or wobblers) to misdemeanors. As explained in Alejandro, supra, 238 Cal.App.4th at page 1230, “distinct from wobbler offenses—the offenses now classified as misdemeanors for qualifying offenders under Proposition 47 have permanently been removed from the felony category and are no longer subject to DNA collection.” Moreover, as the court in Alejandro pointed out—correctly at the time—“[u]nlike the circumstances in Coffey, there is no statutory provision reflecting a Legislative or voter determination that a DNA sample should be retained for an offender whose offense has been designated a misdemeanor under Proposition 47.” (Alejandro, at pp. 1229-1230.)
The Attorney General argues that whatever the situation when Alejandro was decided, the law has been changed by an amendment to section 299, subdivision (f) that was enacted subsequent to that decision. The majority here adopts this argument. In the course of enacting alternative amendments to sections 298 and 299, one of which will become effective depending on how the Supreme Court rules on an appeal challenging the constitutionality of requiring a DNA sample from an individual on the basis of the person’s arrest, the Legislature inserted reference to section 1170.18 into section 299, subdivision (1). (Stats. 2015, ch. 487, § 4.) Thus, the provision quoted in footnote 6 above now begins, “Notwithstanding any other law, including Sections 17, 1170.18, 1203.4, and 1203.4a . . . .” (§ 299, subd. (1), italics added.)
It is doubtful that this amendment bears upon the right to an expungement. Section 299, subdivision (1) precludes the court from “relieving] a person of the separate administrative duty to provide” a specimen if found to have committed a qualifying offense. (Italics added.) Unlike all other subdivisions of section 299, which address the right to have one’s “DNA specimen and sample destroyed and searchable database profile expunged from the databank program” (§ 299, subd. (a); see id., subds. (b), (c)(1), (2), (d), (e)), *1134 subdivision (f) refers to ‘“providing]” a sample and says nothing about expungement (§ 299, subd. (f)).[7]
Even accepting the Attorney General’s questionable premise that the amendment to section 299, subdivision (f) was intended to preclude expungement based on the reclassification of a felony as a misdemeanor pursuant to section 1170.18, I disagree with the Attorney General and my colleagues that the amendment would be valid. Although section 1170.18, subdivision (k)— part of Proposition 47—provides that offenses reclassified as a misdemeanor pursuant to section 1170.18 shall be treated as a misdemeanor for all purposes, the amendment to section 299, so construed, would treat a reclassified offense as a felony precluding expungement rather than as a misdemeanor entitling the defendant to expungement. Article II, section 10, subdivision (c) of the California Constitution requires that “ ‘[w]hen a statute enacted by the initiative process is involved, the Legislature may amend it only if the voters specifically gave the Legislature that power, and then only upon whatever conditions the voters attached to the Legislature’s amendatory powers.’ ” (People v. Armogeda (2015) 233 Cal.App.4th 428, 434 [182 Cal.Rptr.3d 606].) Section 15 of Proposition 47 provides that ‘“[t]he provisions of this measure may be amended by a two-thirds vote of the members of each house of the Legislature and signed by the Governor so long as the amendments are consistent with and further the intent of this act.”[8] (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 15, p. 74.) An amendment is ” ‘a legislative act designed to change an existing initiative statute by adding or taking from it some particular provision.’ ” (People v. Superior Court (Pearson) (2010) 48 Cal.4th 564, 571 [107 Cal.Rptr.3d 265, 227 P.3d 858].) If the amendment to section 299 is construed to treat a reclassified offense as a felony rather than as a misdemeanor for the purpose *1135 of determining the right to expungement, the amendment would be inconsistent with the intent of Proposition 47, and therefore invalid.
In J.C. the court found no inconsistency between this understanding of the amendment and the initiative, reasoning that Proposition 47 “does not clearly either require or prohibit expungement [of] the records of previously provided DNA samples.” (J.C., supra, 246 Cal.App.4th at p. 1483.) However, section 1170.18, subdivision (k) provides that the redesignated offense shall be treated as a misdemeanor “for all purposes” and one such purpose clearly is determining whether the offender is entitled to have his or her DNA sample expunged from the data bank. The initiative explicitly excepted from “all purposes” the application of firearm restrictions but contains no such exception for application of the DNA sampling provisions. For those purposes, therefore, Proposition 47 requires the offense to be treated as a misdemeanor, requiring expungement. If the amendment to section 299, subdivision (f) is construed to prohibit expungement, the section would prohibit what Proposition 47 authorizes. So construed, the amendment therefore would be invalid. (People v. Superior Court (Pearson), supra, 48 Cal.4th at p. 571.)
This conclusion is not at odds with the interpretation of section 17, as construed in Coffey, supra, 129 Cal.App.4th 809. As the court pointed out in Alejandro, when a defendant is sentenced for an offense pled as a felony but sentenced as a misdemeanor pursuant to section 17, it remains true that the defendant was found or pleaded guilty to a felony offense. In contrast, “offenses now classified as misdemeanors for qualifying offenders under Proposition 47 have permanently been removed from the felony category.” (Alejandro, supra, 238 Cal.App.4th at p. 1230.) Moreover, although Coffey did involve a request for expungement, the court’s analysis focused on the petitioner’s contentions that taking the DNA sample violated the petitioner’s Fourth Amendment rights and that a “conviction” under a wobbler did not occur until sentencing. As the Court of Appeal opinion states, Coffey “essentially argued that the collection of the DNA samples violated his Fourth Amendment rights because it was not authorized by the DNA Database Act. Although Coffey asserted that the proper remedy was expungement under section 299 . . . , in context he was merely attempting to justify a particular remedy by analogy, not undertaking to meet the prerequisites of section 299 or rely on its statutory authority.” (Coffey, supra, at p. 816.) In rejecting Coffey’s arguments, the Court of Appeal held that the “for all purposes” language in section 17 did not mean that the prior order under section 296 requiring the petitioner to provide a DNA specimen, correct when entered, should retroactively be determined to have been erroneous. This conclusion was consistent with prior Supreme Court decisions that section 17 applies only prospectively. (E.g., People v. Feyrer (2010) 48 Cal.4th 426, 439 [106 Cal.Rptr.3d 518, 226 P.3d 998] [“If ultimately a misdemeanor sentence is *1136 imposed [pursuant to section 17, subdivision (b)], the offense is a misdemeanor from that point on, but not retroactively.”], superseded by statute on another ground in People v. Park, supra, 56 Cal.4th 782, 789, fn. 4.)
The opinion in Coffey did not suggest that a wobbler sentenced as a misdemeanor, though formerly a felony, should not be treated as a misdemeanor when relevant to a future application before the court. The petition before the court in Coffey challenged retroactively the validity of the order that required Coffey to provide his DNA sample. The court did not focus on whether the reduced classification of the offense should apply to a future application not based on a challenge to the validity of the prior order.
Unlike the application before the court in Coffey, minor’s request for expungement is not based on a challenge to the validity of the order that required him to provide his DNA sample. He does not seek to retroactively invalidate an order he acknowledges was correctly entered. Rather, he contends that although he was correctly ordered to provide the sample, now that his offense has been reclassified as a misdemeanor pursuant to section 1170.18 he no longer has been convicted of a qualifying offense and therefore he is entitled to have his specimen removed from the database. He does not seek retroactive application of section 1170.18 but prospective application to his request for expungement. The distinction parallels the distinction that has been made in interpreting section 17. The ‘“for all purposes” phrase in section 17 does not mean that an enhancement in another case based upon the defendant having previously been convicted of a wobbler charged as a felony should be set aside when the wobbler offense is later sentenced under section 17 as a misdemeanor. (People v. Park, supra, 56 Cal.4th at p. 802 [“There is no dispute that, under the rule in [cases holding a wobbler to be a felony for all purposes unless reduced pursuant to section 17], defendant would be subject to the section 667(a) enhancement had he committed and been convicted of the present crimes before the court reduced the earlier offense to a misdemeanor.”].) However, the “for all purposes” requirement does mean that the offense cannot be used prospectively to impose a new enhancement based on the offense having previously been designated as a felony. (Park, at p. 804 [The “reduction of a wobbler to a misdemeanor under section 17(b) generally precludes its use as a prior felony conviction in a subsequent prosecution.”]. ) That is the same distinction that has been recognized in recent cases applying section 1170.18, rejecting applications to set aside enhancements previously imposed based on an offense that was formerly but is no longer classified as a felony,[9] but holding that prospectively offenses reclassified under section 1170.18 cannot be treated as a felony to impose *1137 new enhancements. (People v. Abdallah (2016) 246 Cal.App.4th 736, 747 [201 Cal.Rptr.3d 198] [“Proposition 47 precludes the court from using [a conviction reclassified under its terms as a misdemeanor] as a felony merely because it was a felony at the time the defendant committed the offense.”].) Similarly, in the present case minor seeks only prospective application of section 1170.18.
Section 299, subdivision (a) provides that a person has the right to have his or her DNA specimen expunged from the data bank pursuant to the procedures specified in subdivision (b) “if the person has no past or present offense or pending charge which qualifies that person for inclusion within” the data bank. The reclassification of minor’s offense thus brings him or her within the scope of section 299, subdivision (a), even though the circumstances creating the right to expungement are not within those specified in section 299, subdivision (b). Both Alejandro and Coffey recognize that section 299 does not provide exclusive authority for removing a specimen from the data bank that does not belong there. (Alejandro, supra, 238 Cal.App.4th at pp. 1228-1229; Coffey, supra, 129 Cal.App.4th at p. 817.) When section 299 was originally enacted, the alternatives specified in subdivision (b) were virtually the only possible scenarios by which a person’s DNA sample could have been included in the data bank even though the person was not convicted of a qualifying offense. By changing what formerly was a qualifying offense into a nonqualifying offense, Proposition 47 has created a new situation in which this is now possible. There is no good reason why a person whose offense, by virtue of Proposition 47, has been determined to be a nonqualifying offense, should not be entitled to expungement in the same manner as those within the categories specified in subdivision (b).
The fundamental public policy that is relevant with respect to application of the DNA and Forensic Identification Database and Data Bank Act of 1998, as amended (§ 295 et seq.) is that the data bank should include DNA samples from persons committing felonies and certain specified misdemeanors and not from persons who have not committed any such offense. The situation would of course be different if section 296 required the inclusion of DNA from persons convicted of any misdemeanor, but that is not the law. That is why the interest in crime solving, the reason for the DNA data bank, provides no support for retaining the DNA of a person whose offense has been reduced to a misdemeanor under Proposition 47. Given the dichotomy drawn by the data bank statute between felonies and (most) misdemeanors, the implementation of the policy choice made by the Legislature dictates removal from the data bank of a DNA sample from a person who has committed what has now been classified as a (nonsex or arson) misdemeanor. The data bank statute reflects the policy determination that persons convicted of less serious offenses— most misdemeanors—need not have their DNA sample included in the data bank, and Proposition 47 has established that certain offenses previously *1138 classified as felonies are less serious and are now misdemeanors for all purposes. No reason has been suggested why in light of these policies, DNA from persons convicted of a nonqualifying misdemeanor in the future should be excluded from the data bank, but DNA from persons previously convicted of the same offense should be retained in the data bank. Whatever ambiguity there may be in the meaning of sechon 299, subdivision (f), or uncertainty concerning the validity of the amendment to that provision, should be resolved in favor of upholding the policy decisions reflected in the data bank statute and in Proposition 47.
I therefore conclude that insofar as the denial of minor’s request to expunge his DNA sample from the state data bank was based on the ground that the offense redesignated as a misdemeanor was previously a felony, the trial court erred in denying the request. Absent some other statutory basis for retention, minor’s DNA sample should be expunged from the state data bank.
Appellant’s petihon for review by the Supreme Court was granted November 9, 2016, S237801.

 All statutory references are to the Penal Code unless otherwise noted.

 Proposition 47, an initiative measure, was adopted at the November 4, 2014 General Election. Section 1170.18 was included as section 14 of Proposition 47. Section 1170.18 provides in relevant paid as follows: “(f) A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors. [¶] (g) If the application satisfies the criteria in subdivision (f), the court shall designate the felony offense or offenses as a misdemeanor. [¶] . . . [¶] (k) Any felony conviction that is . . . designated as a misdemeanor under subdivision (g) shall be considered a misdemeanor for all purposes, except that such resentencing shall not permit that person to own, possess, or have in his or her custody or control any firearm or prevent his or her conviction under Chapter 2 (commencing with Section 29800) of Division 9 of Title 4 of Part 6 [prohibited possession of a firearm].”

 Subdivision (a)(1) and (2) of section 296 refer only to felonies. Subdivision (a)(3) of section 296 refers to felonies and misdemeanors requiring registration under section 290, for sex offenses, or section 457.1, for arson offenses.

 Section 299 has provided at all relevant times in paid as follows: “(a) A person whose DNA profile has been included in the databank pursuant to this chapter shall have his or her DNA specimen and sample destroyed and searchable database profile expunged from the databank program pursuant to the procedures set forth in subdivision (b) if the person has no past or present offense or pending charge which qualifies that person for inclusion within the state’s DNA and Forensic Identification Database and Databank Program and there otherwise is no legal basis for retaining the specimen or sample or searchable profile. [¶] (b) Pursuant to subdivision (a), a person who has no past or present qualifying offense, and for whom there otherwise is no legal basis for retaining the specimen or sample or searchable profile, may make a written request to have his or her specimen and sample destroyed and searchable database profile expunged from the databank program if any of the following apply: [¶] (1) Following arrest no accusatory pleading has been filed within the applicable period allowed by law, charging the person with a qualifying offense as set forth in subdivision (a) of Section 296 or if the charges which served as the basis for including the DNA profile in the state’s DNA and Forensic Identification Database and Databank Program have been dismissed prior to adjudication by a trier of fact; [¶] (2) The underlying conviction or disposition serving as the basis for including the DNA profile has been reversed and the case dismissed; [¶] (3) The person has been found factually innocent of the underlying offense pursuant to Section 851.8, or Section 781.5 of the Welfare and Institutions Code; or [¶] (4) The defendant has been found not guilty or the defendant has been acquitted of the underlying offense.”

 Section 17, subdivision (b) provides in relevant part: “When a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170, or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: [¶] . . . [¶] (3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor.”

 At the time, section 299, former subdivision (f) read as follows: “Notwithstanding any other provision of law, including Sections 17, 1203.4, and 1203.4a, a judge is not authorized to relieve a person of the separate administrative duty to provide specimens, samples, or print impressions required by this chapter if a person has been found guilty or was adjudicated a ward of the court by a trier of fact of a qualifying offense as defined in subdivision (a) of Section 296 . . . .” (See Prop. 69, § 111.9, as approved by voters, Gen. Elec. (Nov. 2, 2004) eff. Nov. 3, 2004.)

 The opinion in J.C. acknowledges that the language of section 299, subdivision (f) “standing alone, appeal's to prohibit courts only from preventing the provision of a DNA sample, rather than prohibiting expungement of the record of a sample already provided.” (J.C.. supra. 246 Cal.App.4th at p. 1472.) However, the opinion then concludes that the provision was also intended to preclude expungement based on the inclusion in subdivision (f) of reference to sections 17, 1203.4 and 1203.4a that relate to offenses which in all events would require providing a DNA sample to the data bank. Whatever the logic of this inference, there is no suggestion that the language of subdivision (f) is ambiguous. “Providing” a DNA specimen obviously is not the same as “destroying” or “expunging” a specimen. In construing a statute, “[w]e look first to the words of the statute, ‘because the statutory language is generally the most reliable indicator of legislative intent.’ ” (Klein v. United States of America (2010) 50 Cal.4th 68, 77 [112 Cal.Rptr.3d 722, 235 P.3d 42].) “If the statutory language is unambiguous, ‘we presume the Legislature meant what it said, and the plain meaning of the statute governs.’ ” (People v. Toney (2004) 32 Cal.4th 228, 232 [8 Cal.Rptr.3d 577, 82 P.3d 778].) J.C. impermissibly rewrites the words of subdivision (f).

 Assembly Bill No. 1492 (2015-2016 Reg. Sess.) was passed by the required two-thirds vote. (Assem. Weekly Hist. (2015-2016 Reg. Sess.) Feb. 4, 2016, p. 928.)

 Review in several such cases has been granted by our Supreme Court with briefing deferred pending resolution of a related question in People v. Valenzuela (2016) 244 Cal.App.4th 692 [198 Cal.Rptr.3d 276], review granted March 30, 2016, S232900.