Filed 8/18/22  P. v. Tooley CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C094123 |
| v. | (Super. Ct. No. 20F1866) |
| ELIDIA ARLENELALAIN TOOLEY, | |
| Defendant and Appellant. | |

Defendant Elidia Arlenelalain Tooley contends she is entitled to two days of conduct credit.  Because Penal Code section 1237.1[1] required her to assert the contention at sentencing and she did not, her claim is not cognizable on appeal and we will dismiss the appeal.

---

[1] Undesignated statutory references are to the Penal Code.

1

BACKGROUND

Defendant pleaded no contest to vehicular manslaughter and child abuse.  Prior to sentencing she spent two days in custody.  The trial court sentenced her to an aggregate term of five years four months in state prison and awarded her two days of presentence custody credit for the actual time spent in custody.  No conduct credit was awarded and there was no objection on this ground asserted in the trial court.

While this appeal was pending, defendant's appellate counsel sent two letters to the trial court pursuant to section 1237.1 requesting an award of conduct credit.  The trial court denied the request on the ground that a defendant must spend at least four days in custody for conduct credit to begin accruing.

DISCUSSION

Section 1237.1 provides in pertinent part that no appeal shall be taken on the ground of an error in presentence custody credit unless the defendant first presents the claim at sentencing or, if the error is not discovered until after sentencing, the defendant moves for correction of the record in the trial court.  Such a motion may be made informally in writing.  Dismissal of an appeal is necessary where the only issue raised involves presentence credit and the question was not preserved in the trial court in the manner required.  (*People v. Jordan* (2018) 21 Cal.App.5th 1136, 1141-1142; *People v. Acosta* (1996) 48 Cal.App.4th 411, 425-426.)

At sentencing, defendant did not request conduct credit or object to the trial court's award of presentence credit.  Although her appellate counsel subsequently sent two letters to the trial court asking for conduct credit, section 1237.1 permits such a belated request only when a presentence credit error is not "discovered" until after sentencing.  (§ 1237.1; see *People v. Toney* (2004) 32 Cal.4th 228, 232 [if the statutory language is unambiguous, the plain meaning of the statute governs].)  Here, however, the trial court announced the award at sentencing in the presence of defendant and her trial

counsel, and thus defendant cannot claim the asserted error was not discovered until after sentencing. Accordingly, her contention is not cognizable on appeal.

DISPOSITION

The appeal is dismissed.


  /S/  
MAURO, J.

We concur:


  /S/  
ROBIE, Acting P. J.


  /S/  
RENNER, J.