Filed 10/3/22 In re K.A. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re K.A., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>K.A.,<br><br>        Defendant and Appellant. | D079992<br><br>(Super. Ct. No. J243932) |

APPEAL from a judgment of the Superior Court of San Diego County, Richard R. Monroy, Judge.  Affirmed in part; reversed in part, with instructions.

Christine M. Aros, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson and Heather M. Clark, Deputy Attorneys General, for Plaintiff and Respondent.

A juvenile wardship petition filed under Welfare and Institutions Code section 602[1] alleged defendant K.A. on or about March 30, 2021 committed a felony hit and run injury (Veh. Code, § 20001, subd. (a)—count 1) and a misdemeanor hit and run resulting in property damage (*id.*, § 20002, subd. (a)—count 2). The juvenile court made a true finding on both counts and sustained the petition. At disposition, the court adjudged K.A. a ward of the court, placed K.A. on formal probation, but allowed him to continue residing at home.

On appeal, K.A. contends the juvenile court erred (1) in failing to expressly declare whether it was treating count 1 as a felony or misdemeanor because a violation of and punishment under Vehicle Code section 20001 is a so-called "wobbler" if committed by an adult and (2) in stating during the adjudication/jurisdiction hearing the "maximum term of confinement" K.A. faced for his violation of counts 1 and 2.

We agree, as do the People, that K.A. is entitled to remand to allow the juvenile court to expressly declare whether his violation of count 1 is a felony *or* a misdemeanor. On the second issue, we conclude there is no error because the court at disposition allowed K.A. to remain at home in the physical custody of his parents. In all other respects, we affirm the judgment.

## FACTUAL AND PROCEDURAL OVERVIEW

On March 30, 2021 K.A. was driving his friend's work van while his friend sat in the front passenger seat. K.A. did not have a driver's license or the van owner's permission to drive the vehicle. Two more of K.A.'s friends were also inside the van.

---

[1] Unless otherwise designated, all further section references are to the Welfare and Institutions Code.

2

At some point on the drive, K.A. ran a red light. To avoid hitting a car entering the intersection, K.A. swerved, lost control of the van, and collided with a white Kia Optima that was stopped in the left turn lane. The force of the impact caused the Optima to crash into a Ford Fusion behind it. K.A. then drove away.

The driver of a white Jeep who saw the van run the red light and crash into the other vehicle pursued after the van when he realized it was not stopping. The Jeep's driver pulled alongside the van, made eye contact with its driver, and motioned for him to pull over. Shortly thereafter, the van stopped in a dirt parking lot, about a quarter mile from the accident scene.

The Optima driver sustained personal injuries to his knee and back, which prevented him from working his construction job of 22 years, as well as damage to his vehicle. The Fusion driver was uninjured but her vehicle sustained property damage of about $6,200.

In September 2021, K.A. filed a motion asking the juvenile court to place him on informal probation. The court denied the motion, ruling K.A. was presumptively ineligible for informal supervision and the interests of justice did not dictate otherwise.

The case was tried in mid-November 2021. After witness testimony and the argument of counsel, the juvenile court found beyond a reasonable doubt that K.A. committed the offenses in counts 1 and 2. The court then turned to the possible sentence on these counts, stating, "Count 1 carries with it an overall maximum term of three years. I will deem it to be a felony. And Count 2 carries with it a maximum term of six months. So the overall maximum term on this petition will be three years and two months, given Count 2 being subordinated to Count 1." The court set disposition for December 13.

3

At the disposition hearing, the juvenile court adjudged K.A. a ward of the court pursuant to section 602,[2] and placed him at home under the supervision of probation.

## DISCUSSION

### I.

### Designation of Count 1 as a Felony or Misdemeanor

#### A. *Guiding Principles*

Hit and run causing injury (count 1) is a "wobbler" that can be treated in the court's discretion as a felony or a misdemeanor. (See Veh. Code, § 20001, subd. (a) [providing in relevant part, "The driver of a vehicle involved in an accident resulting in injury to a person . . . shall immediately stop the vehicle at the scene of the accident"]; *id*, subd. (b)(1) ["a person who violates subdivision (a) shall be punished by imprisonment in the state prison, or in a county jail for not more than one year, or by a fine of not less than one thousand dollars ($1,000) nor more than ten thousand dollars ($10,000), or by both that imprisonment and fine"]; see also *People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 974 [noting "wobbler" offenses are "crimes that, in the trial court's discretion, may be sentenced alternately as felonies or misdemeanors"]; *Alvarez*, at p. 974, fn. 4 [citing Vehicle Code section 20001 as an example of a wobbler].)

When a minor is found to have committed a wobbler, the juvenile court "shall declare the offense to be a misdemeanor or felony." (§ 702.) The court is required to make an "explicit declaration" whether such an offense is a

_____

[2] Section 602 provides in relevant part, "[A]ny minor who is between 12 years of age and 17 years of age, inclusive, when he or she violates any law of this state . . . defining crime other than an ordinance establishing a curfew based solely on age, is within the jurisdiction of the juvenile court, which may adjudge the minor to be a ward of the court." (§ 602, subd. (a).)

felony or a misdemeanor. (*In re Raymundo M.* (2020) 52 Cal.App.5th 78, 92; Cal. Rules of Court, rule 5.780(e)(5) [providing in part that "the court must . . . expressly declare on the record that it has made such consideration, and must state its determination as to whether the offense is a misdemeanor or a felony"].)

This rule ensures that the juvenile court is aware of—and actually exercises—its discretion to treat the offense as a felony or a misdemeanor. (*In re Manzy W.* (1997) 14 Cal.4th 1199, 1207 (*Manzy*).) "This declaration must be made at or before disposition." (*In re E.G.* (2016) 6 Cal.App.5th 871, 881, fn. 9.) "Strict compliance" is the rule (*Manzy*, at p. 1208); if the record does not show such an exercise of discretion, the matter must be remanded (*id.*, at 1209).

**B. *Analysis***

Here, count 1 was charged as a felony. The probation report also referred to count 1 exclusively as a felony; and at the conclusion of the adjudication/jurisdiction hearing, the juvenile court expressly stated it was treating count 1 as a felony.

But nowhere in the record does the juvenile court state it was aware that a violation of Vehicle Code section 20001 could *also* be treated as a misdemeanor. As the Supreme Court in *Manzy* made clear, section 702 is "not solely administrative," but "also serves the purpose of ensuring that the juvenile court is aware of, *and actually exercises*, its discretion." (*Manzy*, *supra*, 14 Cal.4th at p. 1207, italics added.)

Because the juvenile court in this case failed to acknowledge that count 1 is a "wobbler" offense if committed by an adult; and because the court therefore did not explicitly designate whether, as an exercise of its discretion, it was treating K.A.'s violation of section 20001 as a felony *or* misdemeanor,

5

we conclude that remand is warranted in "strict compliance" with section 702 (see *Manzy, supra,* 14 Cal.4th at p. 1204) and California Rules of Court, rule 5.780(e)(5).

## II.

## Potential Term of Confinement

K.A. contends the juvenile court erred when it specified at the adjudication/jurisdiction hearing that the maximum term of confinement on the petition was "three years and two months." We disagree.

First, because K.A. was not removed from the "physical custody" of his parents, the necessary predicate for specifying a "maximum" (former law)[3] or "middle" (current) "term of imprisonment" did not exist in this case. (See § 726, subd. (d)(1) [providing in relevant part, "*If the minor is removed from the physical custody* of the minor's parents or guardian as the result of an order of wardship made pursuant to Section 602, the order shall specify that the minor may not be held in physical confinement for a period in excess of the *middle* term of imprisonment which could be imposed upon an adult" convicted of such offense or offenses], italics added.)

Given the plain, "unambiguous" language of section 726 and the fact K.A. was *not* removed from the "physical custody" of his parents, we conclude no error was committed by the juvenile court when it stated a maximum (now middle) term of confinement he potentially faced. (See *People v. Toney* (2004)

---

[3] Effective May 14, 2021, subdivision (d) of section 726 was amended to replace the word "maximum" with the word "middle" in describing the term of confinement that could be imposed on a minor *if* he or she is removed from the "physical custody" of a parent or guardian. (Former § 726, subd. (d)(1).) Section 726 was again amended effective June 30, 2022. (Stats. 2022, ch. 58 (Assem. Bill No. 200), § 39.) This most recent amendment has no substantive bearing on the issues in this case.

32 Cal.4th 228, 232 [if the statutory language is unambiguous, the plain meaning of the statute governs].)

Second, no error was committed because the juvenile court made the statement regarding potential confinement at the adjudication/jurisdiction hearing. "Significantly, the jurisdictional order is an intermediate, nonappealable order. [Citation.] 'In this sense, the order is analogous to a criminal conviction, which is appealable not at the time rendered, but after sentencing. The dispositional order is the final step in proceedings under section 602. . . .' [Citation.] Thus, at the disposition hearing the court could . . . change [a minor's] offense from a felony to a misdemeanor. It could likewise decide . . . to allow [the minor] to continue in the custody of his parents. It is at that time—when the *disposition* order is made—that the court must either state the maximum term of confinement (*if* the minor is removed from his parents' custody) or decline to state any term of confinement (*if* the minor is not removed from his parents' custody). In short, with respect to stating or not stating a maximum term of confinement, it is what happens at the disposition hearing that matters." (*In re P.A.* (2012) 211 Cal.App.4th 23, 32 (*P.A.*), second italics added.)

Accordingly, for this separate reason we conclude no error was committed by the juvenile court in stating K.A.'s potential term of confinement during the nonfinal adjudication/jurisdiction hearing. (See *P.A.*, *supra*, 211 Cal.App.4th at p. 32.)

**DISPOSITION**

The matter is remanded for the juvenile court to exercise its discretion and explicitly designate whether K.A.'s conviction on count 1 is a felony or misdemeanor. In all other respects the judgment is affirmed.

HALLER, J.

WE CONCUR:


McCONNELL, P. J.


HUFFMAN, J.

8