Filed 5/20/26  Hoffman v. Fossa CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ISAIAH HOFFMAN, | B347878 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 24STCV29811) |
| v. | |
| TRICIA FOSSA, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jon Takasugi, Judge.  Reversed in part, affirmed in part, and remanded with directions.

PLC Law Group, Na'shaun L. Neal, Peter L. Carr, and Lauren K. McRaae for Plaintiff and Appellant.

Law Office of Cleidin Z. Atanous, Cleidin Z. Atanous; Bretoi, Lutz & Stele and Brian S. Dewey for Defendant and Respondent.

Plaintiff and appellant Isaiah Hoffman filed a complaint against defendant and respondent Tricia Fossa on the final day of the two-year limitations period for his personal injury claim. A clerk of the trial court rejected the complaint the following day because of a mistake on an addendum to the complaint's cover sheet. Hoffman refiled the complaint that same day and the clerk accepted it the next day.

The trial court sustained demurrers to Hoffman's original and amended complaints on the ground that the applicable limitations period had expired. We conclude the amended complaint sufficiently alleged that the statute of limitations was tolled pursuant to Code of Civil Procedure section 1010.6, subdivision (e)(4)(E) (section 1010.6(e)(4)(E)), and Hoffman filed the complaint within the limitations period as tolled.[1] The trial court also sustained the demurrer to a bad faith insurance cause of action against Fossa, on independent grounds. Hoffman does not challenge this aspect of the trial court's ruling on appeal.

We reverse in part, affirm in part, and remand with instructions.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 12, 2022, Fossa's car allegedly rear-ended Hoffman's car on the 110 freeway. On November 12, 2024, Hoffman filed a complaint against Fossa, which asserted a cause of action of general negligence and alleged that Hoffman sustained injuries as a result of the car accident. Hoffman also

---

[1] All undesignated statutory references are to the Code of Civil Procedure.

2

asserted a cause of action against Mercury Insurance Company (Mercury), which he later dismissed as a defendant.

The following day, the clerk of court rejected the complaint. The "Notice of Court Rejection of Electronic Filing" (notice of rejection) stated that the complaint had been electronically submitted on November 12, 2024, and that the notice of rejection was generated on November 13. The notice provided the following reason for the rejection: "Per Cover Sheet Addendum Step 4, case is a Class Action suit. If so, please resubmit and select Spring Street Courthouse to ensure docs are routed to proper workflow for timely processing." Hoffman refiled the complaint on November 13, 2024.

Fossa demurred to the complaint on the ground that it was filed two years and one day after the accident occurred. Under section 335.1, an action for injury caused by the neglect of another must be brought within two years. The trial court sustained the demurrer on the ground that it was bound by the pleadings when ruling on a demurrer, and the complaint did not allege any facts to support tolling the statute of limitations. The court granted Hoffman leave to amend.

In the first amended complaint, under a heading titled "TOLLING STATUTE OF LIMITATIONS DUE TO COURT'S ADMINISTRATIVE REJECTION," Hoffman alleged he filed his complaint on November 12, 2024; the clerk rejected it on November 13; Hoffman refiled it on November 13; and the clerk accepted it on November 14. He further alleged: "Therefore, Plaintiff's complaint was timely filed. See CCP § 1016(e)(4)(E)."[2]

---

[2] Section 1016 has no subdivisions and states: "The foregoing provisions of this Chapter do not apply to the service of a

3

In addition to general negligence and motor vehicle personal injury causes of action, the amended complaint asserted a cause of action for bad faith insurance practices, nominally against Fossa.

Fossa demurred to all causes of action on the ground that the applicable statute of limitations had expired. Fossa argued that section 1016 "has nothing to do with the issues at hand" and did not establish the statute of limitations should be tolled. Fossa also demurred to the bad faith insurance cause of action on the ground that she is not an insurer.

Hoffman submitted a declaration attaching the notice of rejection with his opposition. His opposition memorandum did not cite section 1010.6(e)(4)(E) or address the bad faith insurance cause of action. At the hearing on the demurrer, Hoffman's attorney argued the statute of limitations should be tolled pursuant to section 1010.6(e)(4)(E), the text of which he quoted, although he referred to it as "California Civil Procedure 1010.6, . . . subsection 4(C)." Fossa's attorney argued the trial court could not consider the statute because Hoffman had not raised it in his opposition papers.

In its order sustaining the demurrer, the trial court observed that Hoffman had presumably intended to assert the bad faith insurance cause of action against Mercury, rather than Fossa, and concluded that Hoffman lacked standing to assert the cause of action against Mercury. The court also sustained the demurrer as to all causes of action without leave to amend on statute of limitations grounds. It concluded that Hoffman "did

---

summons or other process, or of any paper to bring a party into contempt." Hoffman presumably intended to cite section 1010.6(e)(4)(E).

4

not allege any facts which could show the statute of limitations was tolled for any reason." The order did not address section 1010.6(e)(4)(E).

The court dismissed the action and Hoffman timely appealed.

## DISCUSSION

### I. Standard of Review

"Because the function of a demurrer is to test the sufficiency of a pleading as a matter of law, we apply the de novo standard of review in an appeal following the sustaining of a demurrer without leave to amend. [Citation.] We assume the truth of the allegations in the complaint, but do not assume the truth of contentions, deductions, or conclusions of law. [Citation.] It is error for the trial court to sustain a demurrer if the plaintiff has stated a cause of action under any possible legal theory . . . ." (*California Logistics, Inc. v. State of California* (2008) 161 Cal.App.4th 242, 247.)

" ' "Moreover, the allegations must be liberally construed with a view to attaining substantial justice among the parties," ' and ' "[o]ur primary task is to determine whether the facts alleged provide the basis for a cause of action . . . under any theory." ' [Citation.]" (*Packard v. Packard* (2025) 108 Cal.App.5th 1284, 1290–1291.) "[T]he 'any possible legal theory' standard encompasses a legal theory presented for the first time in an opening appellant's brief" and "also includes legal theories first raised by the reviewing court." (*Gutierrez v. Carmax Auto Superstores California* (2018) 19 Cal.App.5th 1234, 1244, 1245 (*Gutierrez*).)

In ruling on a demurrer, "[r]elevant matters that are properly the subject of judicial notice may be treated as having

5

been pled." (*Ross v. Creel Printing & Publishing Co.* (2002) 100 Cal.App.4th 736, 742; § 430.30, subd. (a).)  On our own motion, we take judicial notice of the notice of rejection.  (Evid. Code, §§ 452, subd. (d), 455, subd. (a), 459, subds. (a), (b); *Bai v. Yip* (2024) 107 Cal.App.5th 188, 194 [taking judicial notice of trial court clerk's rejection message as record of the court]).)

**II.    The Amended Complaint Sufficiently Pled The Statute of Limitations Was Tolled**

Hoffman contends that section 1010.6(e)(4)(E) applies to toll the statute of limitations under the facts alleged in the amended complaint.[3]  Although Hoffman failed to timely raise this argument below, we may consider it.  (*Gutierrez, supra*, 19 Cal.App.5th at p. 1244.)  We conclude that the amended complaint sufficiently pleads that the statute of limitations was tolled.  Accordingly, we do not reach Hoffman's arguments that the clerk of court erred in rejecting the original complaint and the trial court erred in sustaining the demurrer to the original complaint.

Section 1010.6, subdivision (e), states that "[a] trial court may adopt local rules permitting electronic filing of documents," subject to enumerated conditions.  Section 1010.6(e)(4)(E) provides: "If the clerk of the court does not file a complaint or cross complaint because the complaint or cross complaint does not comply with applicable filing requirements or the required filing fee has not been paid, any statute of limitations applicable to the causes of action alleged in the complaint or cross complaint

---

[3]    Hoffman quotes the text of section 1010.6(e)(4)(E), but both parties miscite the pertinent provision as "section 1010.6(i)(4)(E)" in their appellate briefing.  Despite the incorrect citation, the arguments clearly pertain to section 1010.6(e)(4)(E).

shall be tolled for the period beginning on the date on which the court received the document and as shown on the confirmation of receipt . . . , through the later of either the date on which the clerk of the court sent the notice of rejection . . . or the date on which the electronic filing service provider or electronic filing manager sent the notice of rejection . . . , plus one additional day if the complaint or cross complaint is subsequently submitted in a form that corrects the errors which caused the document to be rejected. The party filing the complaint or cross complaint shall not make any change to the complaint or cross complaint other than those required to correct the errors which caused the document to be rejected."

Here, the notice of rejection stated that the trial court clerk rejected the complaint due to an error in the addendum to the complaint's cover sheet, which suggested that the action was a class action, in which case Hoffman should have filed the complaint at another courthouse pursuant to local filing requirements. This is sufficient to establish that the trial court clerk did not file the complaint because it did "not comply with applicable filing requirements" for purposes of section 1010.6(e)(4)(E).

The amended complaint alleged that Hoffman filed the original complaint on November 12, 2024, the clerk rejected it on November 13, Hoffman refiled it on November 13, and the clerk accepted it on November 14. The notice of rejection likewise states that the trial court received the complaint on November 12 and rejected it on November 13. Under section 1010.6(e)(4)(E), the statute of limitations was tolled from November 12, "the date on which the court received the document," through November 13, "the date on which the clerk of the court sent the notice of

7

rejection," plus one additional day in light of Hoffman's submission of a corrected complaint—that is, until November 14. Because the amended complaint alleges that the court accepted the refiled complaint on November 14, and the complaint itself shows that it was file-stamped November 13, the amended complaint, together with the judicially noticeable notice of rejection, sufficiently pleads that Hoffman filed the complaint within the limitations period, as tolled by section 1010.6(e)(4)(E).

Fossa contends that, "[e]ven assuming Code of Civil Procedure section 1010.6(i)(4)(E) [*sic*] can apply to the filing of an initial complaint, the statute affords tolling only where the operative pleading itself alleges facts showing that the court received the document within the limitations period and that the subsequent resubmission corrected the specific defect that caused the rejection, allegations the First Amended Complaint does not contain." Because section 1010.6(e)(4)(E) expressly applies to "a complaint," without limitation, a plain reading of the statute indicates that it applies to the filing of an initial complaint. (*People v. Toney* (2004) 32 Cal.4th 228, 232 [where "statutory language is unambiguous, 'we presume the Legislature meant what it said, and the plain meaning of the statute governs' "].) Further, liberally construed, the allegation that the clerk accepted the refiled complaint is sufficient to plead that Hoffman "correct[ed] the errors which caused the document to be rejected," such that the statute of limitations was tolled until November 14, 2024. (§ 1010.6(e)(4)(E).) Even if it were not, the statute of limitations was, at the very least, tolled until November 13, "the date on which the clerk of the court sent the notice of rejection." (*Ibid*.) The original complaint was refiled on November 13. Regardless of whether the statute of limitations was tolled until

8

November 13 or 14, 2024, the complaint was timely filed.  It was therefore error to sustain the demurrer to the general negligence and motor vehicle personal injury causes of action in the amended complaint without leave to amend.

Hoffman does not challenge the trial court's order sustaining the demurrer to the bad faith insurance cause of action against Fossa without leave to amend.  We therefore affirm that portion of the court's order.  (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133; *Shaw v. Los Angeles Unified School Dist.* (2023) 95 Cal.App.5th 740, 754.)

## DISPOSITION

The judgment is reversed and the matter is remanded to the trial court with directions to vacate its order sustaining the demurrer to the amended complaint. The court is directed to enter a new order overruling the demurrer to the general negligence and motor vehicle personal injury causes of action and sustaining the demurrer to the bad faith insurance cause of action without leave to amend. Hoffman shall recover his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ADAMS, J.

We concur:

EGERTON, Acting P. J.

HANASONO, J.