Filed 8/30/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re C.B., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>C.B.,<br><br>        Defendant and Appellant. | A146277<br><br>(Contra Costa County<br>Super. Ct. No. J1301073) |

        This is an appeal from a juvenile court order denying a request by defendant C.B. (minor) to expunge his DNA samples from the state's database following the juvenile court's grant of his simultaneous request to redesignate his admitted felony offense as a misdemeanor.  Minor brought these requests under Penal Code section 1170.18, a measure enacted following passage of Proposition 47, the Safe Neighborhoods and Schools Act, which reduced the classification of certain crimes from felony to misdemeanor.[1]  According to minor, his DNA samples should be expunged because, had his offense been classified as a misdemeanor at the time he admitted committing it, the juvenile court would have, in the first instance, lacked authority to order him to submit the samples.

        However, as explained below, Proposition 47 construed in conjunction with the DNA and Forensic Identification Data Base and Data Bank Act of 1998 (DNA Database Act), section 295 et seq., supports the juvenile court's decision to deny minor's

---

[1]        Unless otherwise stated, all statutory citations herein are to the Penal Code.

1

expungement request in this case. Moreover, and confirming this conclusion, our Legislature recently enacted Assembly Bill No. 1492 (2015-2016 Reg. Sess.) (Bill No. 1492), which clarifies that, pursuant to section 299, a trial court is not authorized to order expungement of a defendant's DNA sample when granting relief under section 1170.18 to redesignate a felony offense as a misdemeanor. Accordingly, we affirm the juvenile court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 20, 2013, a petition was filed pursuant to Welfare and Institutions Code section 602, alleging that minor committed second degree robbery in violation of sections 211 and 212.5 (count one), and first degree residential burglary in violation of sections 459 and 460, subdivision (a) (count two). This petition was amended on October 1, 2013, to add allegations that minor also committed felony grand theft from the person (§ 487, subd. (c)) (count three), and misdemeanor burglary (§§ 459, 460, subd. (a)) (count four).[2] On the same date, minor admitted the amended allegations (counts three and four) and the remaining allegations (counts one and two) were dismissed.

On October 15, 2013, the juvenile court adjudged minor a ward of the court with no termination date, ordered his out-of-home placement and, among other things, ordered him to submit DNA samples for the state DNA database.

On July 6, 2015, minor filed a petition for relief under section 1170.18, requesting that his felony grand theft adjudication be redesignated as a misdemeanor, that the order requiring submission of DNA samples be vacated, and that his DNA samples be expunged from the state DNA database. Following a hearing, on July 21, 2015, the juvenile court granted minor's request to redesignate his felony offense as a

---

[2] According to the probation report, minor broke into an apartment in Concord and stole the resident's cell phone, wallet and Nintendo game. When leaving the apartment, minor was confronted by the resident, who began assaulting him. In response, minor brandished a knife in self defense. Because the facts of this incident are not relevant to the sole legal issue raised on appeal, however, we provide no further details.

misdemeanor, but denied his requests to vacate the order to submit DNA samples and to expunge his samples from the state DNA database. On September 14, 2015, minor filed a timely notice of appeal of this order.[3]

## DISCUSSION

Minor raises one argument on appeal—to wit, that the juvenile court misconstrued Proposition 47 when finding that he was not entitled to have his DNA samples expunged from the state database after reclassifying his felony offense as a misdemeanor. The standard of review is not in dispute.

We review de novo questions of statutory or voter-initiative interpretation. (*Evangelatos v. Superior Court* (1988) 44 Cal.3d 1188, 1212 [rules of statutory interpretation apply to voter initiatives]; *Argaman v. Ratan* (1999) 73 Cal.App.4th 1173, 1176.) The fundamental rule of statutory (or voter-initiative) construction is that we must ascertain the intent of the drafters so as to effectuate the purpose of the law. (*Preston v. State Bd. of Equalization* (2001) 25 Cal.4th 197, 213.) "To determine the intent of legislation, we first consult the words themselves, giving them their usual and ordinary meaning." (*DaFonte v. Up-Right, Inc.* (1992) 2 Cal.4th 593, 601.) "We do not, however, consider the statutory language in isolation; rather, we look to the entire substance of the statutes in order to determine their scope and purposes. [Citation.] That is, we construe the words in question in context, keeping in mind the statutes' nature and obvious purposes. [Citation.] We must harmonize the various parts of the enactments by considering them in the context of the statutory frame work as a whole. [Citation.] If the statutory language is unambiguous, then its plain meaning controls. If, however, the language supports more than one reasonable construction, then we may look to extrinsic aids, including the ostensible objects to be achieved and the legislative history." (*People v. Cole* (2006) 38 Cal.4th 964, 975.)

---

[3] On August 17, 2015, the juvenile court set aside the placement order and terminated minor's probation as unsuccessful.

In this case, minor contends proper interpretation of Proposition 47 requires a trial court to expunge DNA samples submitted by a criminal defendant (including a juvenile) whose offense is reclassified from a felony to a misdemeanor pursuant to section 1170.18. Proposition 47, as mentioned above, " 'reduces penalties for certain offenders convicted of nonserious and nonviolent property and drug crimes' and 'allows certain offenders who have been previously convicted of such crimes to apply for reduced sentences.' (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) analysis of Prop. 47 by Legis. Analyst, p. 35 (Ballot Pamphlet).) One of those 'nonserious and nonviolent property and drug crimes' is shoplifting, so long as the value of the stolen property is less than $950. (See Ballot Pamphlet, *supra*, text of Prop. 47, § 5, p. 71.)" (*In re J.C.* (2016) 246 Cal.App.4th 1462, 1469.) Minor, relying on a recent decision from the Court of Appeal, Fourth District, *Alejandro N. v. Superior Court* (2015) 238 Cal.App.4th 1209 (*Alejandro*), contends the juvenile court was required under Proposition 47 to grant his request to expunge his DNA record because, once his crime was reclassified as a misdemeanor, it was no longer a "qualifying offense" for purposes of the DNA Database Act. (See § 296, subd. (a).)

The People, to the contrary, contend, first, that *Alejandro* was wrongly decided and, second, that, even if correctly decided when published, *Alejandro* is no longer good law because, in enacting Bill No. 1492, the Legislative made clear that section 1170.18, properly read, does not authorize a trial court to expunge a defendant's DNA sample when granting a petition to redesignate the qualifying offense from felony to misdemeanor. We agree with the People's latter point and, thus, need not directly address the wisdom of *Alejandro.*

Turning first to the relevant statutory framework, section 1170.18 provides a procedure by which persons, like minor, found to have committed a felony, yet "who would have been guilty of a misdemeanor under [Proposition 47]" had it been in effect at the time of their offense, may request redesignation of the offense from felony to misdemeanor. (§ 1170.18, subd. (a).) Relevant here, section 1170.18, subdivision (f), provides that a person who has "completed his or her sentence for a conviction, whether

4

by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors." Further, where the section 1170.18 applicant has satisfied the criteria in subdivision (f), the trial court "shall designate the felony offense or offenses as a misdemeanor." (§ 1170.18, subd. (g).)

There is no dispute in this case that minor satisfied the criteria in section 1170.18, subdivision (g), such that the juvenile court was required to (and did) redesignate his offense as a misdemeanor. The dispute, rather, centers around whether the juvenile court was required, in light of this redesignation, to order expungement of minor's DNA samples from the state database pursuant to section 299, the statute governing DNA record expungement. Part of the DNA Database Act, section 299 was amended in 2004 through passage of Proposition 69, the DNA Fingerprint, Unsolved Crime and Innocence Protection Act, which "substantially expanded the range of persons who must submit DNA samples to the state's forensic identification databank." (*Good v. Superior Court* (2008) 158 Cal.App.4th 1494, 1498.) Persons qualifying under this Act for submission of DNA samples include: any person, including any juvenile, who is convicted of or pleads guilty or no contest to any felony offense, or is found not guilty by reason of insanity of any felony offense, or any juvenile who is adjudicated under Section 602 of the Welfare and Institutions Code for committing any felony offense; any adult person arrested for or charged with one of the enumerated felony offenses; any person, including any juvenile, required to register under Section 290 or 457.1 because of the commission of, or the attempt to commit, a felony or misdemeanor offense; or any person, including any juvenile, who is housed in a mental health facility or sex offender treatment program after referral to such facility or program by a court after being charged with any felony offense. (§ 296, subd. (a).) The DNA submission requirements "shall apply to all *qualifying* persons regardless of sentence imposed . . . and regardless of disposition rendered or placement made in the case of juvenile who is found to have committed any felony offense . . . ." (§ 296, subd. (b), italics added.)

5

Under section 299, a person whose DNA profile has been included in the state databank "shall have his or her DNA specimen and sample destroyed and searchable database profile expunged from the databank program if the person has no past or present offense or pending charge which qualifies that person for inclusion within the state's DNA and Forensic Identification Database and Databank Program and there otherwise is no legal basis for retaining the specimen or sample or searchable profile." (§ 299, subd. (a).) Further, under subdivision (f) of this statute, "[*n*]*otwithstanding any other law*," a judge is barred from relieving a person of his or her administrative duty to submit DNA pursuant to this chapter if the person has been found guilty or was adjudicated a ward of the court for a qualifying offense under section 296, subdivision (a), or pleaded no contest to one of these qualifying offenses. (§ 299, subd. (f), italics added.)

This provision, as it read at the time of minor's petition for relief, set forth a non-exhaustive list of three statutes pursuant to which a judge is prohibited from relieving a person of his or her duty to submit DNA for the state forensic identification DNA database—to wit, sections 17, 1203.4 and 1203.4a. (Former § 299, subd. (f).) Each of these three enumerated statutes are similar to section 1170.18 in that they provide postconviction relief from punishment or penalties to qualifying defendants by, for example, reclassifying a felony offense as a misdemeanor, or dismissing the information entirely upon successful completion of a probationary term. (See § 17 [authorizing a trial court, in its discretion, to treat a qualifying offense as either a felony or a misdemeanor]; § 1203.4 [authorizing a trial court, in certain cases, to set aside a guilty verdict and "dismiss the accusations or information against the defendant," thereby releasing the defendant "from all penalties and disabilities resulting from the offense"]; § 1203.4a [authorizing a trial court to, among other things, set aside a guilty verdict and dismiss the information against a misdemeanant who was not granted probation, has served his sentence, has not been charged with or convicted of a subsequent crime, and has, since judgment, lived "an honest and upright life"].)

In October 2015, Bill No. 1492 was signed into legislation and, among other things, amended section 299, subdivision (f) to include section 1170.18 in the non-

6

exhaustive list of statutes that do *not* authorize a judge to relieve a person of his or her administrative duty to provide DNA.  Thus, effective January 1, 2016, this provision reads:  "*Notwithstanding any other law, including Sections 17, 1170.18, 1203.4, and 1203.4a*, a judge is not authorized to relieve a person of the separate administrative duty to provide . . . samples . . . required by this chapter if a person . . . was adjudicated a ward of the court by a trier of fact of a qualifying offense as defined in subdivision (a) of Section 296."[4]  (§ 299, subd. (f), italics added.)

Notwithstanding the former or amended version of section 299, subdivision (f), minor contends a criminal defendant's right to expungement of DNA records is triggered by a court's redesignation of a criminal offense under Proposition 47 by way of another statute, section 1170.18, subdivision (k), which states:  "Any felony conviction that is . . . designated as a misdemeanor under subdivision (g) *shall be considered a misdemeanor for all purposes*, except that such resentencing shall not permit that person to own, possess, or have in his or her custody or control any firearm or prevent his or her conviction [for being a felon in possession of a firearm]."  (§ 1170.18, subd. (k), italics added.)  According to minor, this statutory command that his offense be considered a misdemeanor "for all purposes" requires expungement of his DNA samples because, under California law, juvenile delinquents are not required to submit DNA unless they are found to have committed a felony.  Minor's argument finds support in *Alejandro*, which held that a felony redesignated a misdemeanor pursuant to section 1170.18 "no longer qualifies as an offense permitting DNA collection" and, thus, is "outside the matters contemplated by the Penal Code DNA expungement statute."[5]  (*Alejandro, supra,* 238 Cal.App.4th at p. 1229.)

---

[4]    There appears to be nothing in the legislative history of Bill No. 1492 explaining the Legislature's intent with respect to this particular amendment.  (See *In re J.C., supra,* 246 Cal.App.4th at p. 1472.)

[5]    The *Alejandro* court reasoned:  "Because the statute explicitly addresses what, if any, exceptions should be afforded to the otherwise all-encompassing misdemeanor treatment of the offense, and because only the firearm restriction was included as an exception, the enactors effectively directed the courts not to carve out other exceptions to

We reject minor's analysis on several grounds. First, as the People (and the juvenile court) have noted, Proposition 47 nowhere mentions DNA expungement. Rather, it is completely silent with respect to the state-maintained DNA databank. As such, we question minor's interpretation of Proposition 47 as *requiring* expungement whenever a court grants relief to a criminal defendant under section 1170.18. (See *Hampton v. County of San Diego* (2015) 62 Cal.4th 340, 350 [courts are not "[o]rdinarily . . . free to add text to the language selected by the Legislature"].)

Further, the DNA sample submission requirement under the DNA Database Act does not necessarily hinge on whether a person is convicted of a felony or misdemeanor. Rather, under the relevant statutory language, the Act's triggering point is when "[a]ny person, including any juvenile, . . . is convicted of or *pleads guilty or no contest to any felony offense*." (§ 296, subd. (a)(1), italics added.) In addition, the Act does not apply only to convicted felons, but extends to several categories of misdemeanants, including those required to register with law enforcement as sex offenders or arsonists (see § 296, subd. (a)(3)), a fact reflective of the measure's administrative—and nonpunitive—design of creating a state databank to "to assist in the accurate identification of criminal offenders." (§ 295, subd. (d); see also § 295, subd. (b)(2) ["It is the intent of the people of the State of California, in order to further the purposes of [the Act], to require DNA and forensic identification data bank samples from all persons, including juveniles, for the felony *and misdemeanor* offenses described in [section 296, subdivision (a)]," italics added]; *Good v. Superior Court, supra*, 158 Cal.App.4th at p. 1508 ["Proposition 69, immediately effective, listed felon and misdemeanant registrants as among those who qualified for DNA sampling. The requirement is not punitive, does not involve concepts of retroactivity or ex post facto implications, but is confined to a simple administrative identifying procedure akin to fingerprinting or keeping one's whereabouts known to law enforcement."]; *People v. Travis* (2006) 139 Cal.App.4th 1271, 1295 [DNA collection is

the misdemeanor treatment of the reclassified offense absent some reasoned statutory or constitutional basis for doing so." (*Alejandro, supra*, 238 Cal.App.4th at p. 1227, fn. omitted.)

8

"not penal"].)  We thus find without legal support minor's assumption that reclassification of the offense underlying a conviction from a felony to a misdemeanor, in and of itself, triggers the right of a criminal defendant to have his or her DNA records expunged.  (See *Taxpayers to Limit Campaign Spending v. Fair Political Practices Commission* (1990) 51 Cal.3d 744, 764 [when interpreting statutory language, courts must try to "reconcile or harmonize conflicting statutory provisions in an effort to give effect to all provisions if it is possible].)

Indeed, and to the contrary, the DNA Database Act expressly limits the right to seek expungement to persons with "no past or present qualifying offense" whose cases fall within one of four legal categories:  (1) following arrest no accusatory pleading is filed for prosecution or a qualifying charge is dismissed prior to adjudication; (2) the qualifying conviction has been reversed and the case dismissed; (3) the defendant has been found factually innocent; or (4) the defendant has been found not guilty or acquitted of the qualifying offense.  (§ 299, subd. (b)(1)-(4).)  Here, minor, who admitted committing the qualifying offense, falls within none of the identified categories.

In addition, we find persuasive the decision relied upon below by the juvenile court, *Coffey v. Superior Court* (2005) 129 Cal.App.4th 809 (*Coffey*), which addressed whether the defendant, who pled guilty to a "wobbler" offense as a felony, was entitled to expungement of his DNA sample after the court reduced the charge pursuant to section 17, the so-called "wobbler" statute, and sentenced him to a misdemeanor.[6]  There, as here, the defendant claimed a right to expungement on the ground that "DNA sampling is not required or authorized for a misdemeanor offense."  (*Coffey*, p. 818.)  The defendant relied upon subdivision (b) of section 17, which reads:  "When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor *for all purposes* under the following circumstances:  [¶] (1) After a judgment imposing a punishment other than imprisonment in the state prison."  (Italics added.)  Thus, as the *Coffey* court noted, under this provision,

---

[6]     A "wobbler" is an offense punishable in the court's discretion as either a felony or a misdemeanor.  (*Coffey, supra*, 129 Cal.App.4th at p. 812, fn. 2.)

"if a judge sentences the defendant to a misdemeanor punishment, the defendant's crime becomes a misdemeanor." (*Coffey*, p. 818, fn. 7.)

The *Coffey* court nonetheless rejected the defendant's argument that his offense should be treated as a misdemeanor for purposes of DNA record expungement. The court reasoned that, "for purposes of the DNA Database Act, Coffey was convicted of a felony when he pled guilty to a wobbler offense as a felony. He was therefore subject to the DNA Database Act when his DNA samples were taken, and the collection of the samples was lawful [under section 296] . . . . Because the samples were lawfully collected, there is no constitutional right to their return." (*Coffey, supra*, 129 Cal.App.4th at p. 823.)

According to the People, this analysis in *Coffey* resonates here, in that, like a felony reclassified as a misdemeanor under section 17, a felony reclassified as a misdemeanor under section 1170.18 remains a qualifying offense for purposes of the administrative duties set out in the DNA Database Act, such that the offender is not eligible for expungement on the basis of the reclassification. Minor, in turn, insists section 17 is distinct from section 1170.18 and, thus, irrelevant to the issue raised herein. He reasons that, when an offense is reduced to a misdemeanor under section 17, the offense is deemed a misdemeanor for all purposes only going forward, yet when, as here, an offense is reclassified as a misdemeanor under section 1170.18, it is deemed a misdemeanor for all purposes, going forward *and* retroactively.

We agree with the People that *Coffey* is instructive here. As aptly explained by our colleagues in Division One of this District when recently addressing the identical legal issue: "Prior to the addition of section 1170.18 by Bill No. 1492, section 299(f) referred to sections 17, 1203.4, and 1203.4a. Section 17 governs 'wobbler' offenses, which are offenses that can be treated as felonies or misdemeanors in the discretion of the sentencing court. ([*People v.*] *Lynall* [(2015)] 233 Cal.App.4th 1102, 1108.) Subdivision (b) of section 17 dictates '[w]hen' a wobbler is treated as a misdemeanor, including after a defendant has been sentenced to a punishment other than prison (*id.,* subd. (b)(1)), when a court declares a wobbler a misdemeanor upon granting probation (*id.,* subd.

10

(b)(3)), and when the prosecutor designates the crime as such in a charging document (*id.*, subd. (b)(5)). In addition, under subdivision (c) of section 17, if a juvenile is committed to the Division of Juvenile Justice on the basis of a wobbler conviction, the violation is 'thereafter . . . deemed a misdemeanor for all purposes' following his or her discharge. Sections 1203.4 and 1203.4a govern the dismissal of charges following a successful completion of probation. (See, e.g., *Doe v. Harris* (2013) 57 Cal.4th 64, 72-73 . . . .) These statutes have one thing in common. Their application generally results in the reduction of a felony conviction suffered by a defendant to something less serious— either a misdemeanor under section 17 or, in the case of sections 1203.4 and 1203.4a, dismissal altogether. The felony conviction necessarily required provision of a DNA sample, but the defendant would not have been required to provide a sample had the conviction been designated a misdemeanor from the outset or if there had been no criminal charges at all. *The unmistakable implication of the reference to these statutes in section 299(f) is that the section was intended to prohibit trial courts, when reducing or dismissing charges pursuant to the listed statutes, from also expunging the DNA record given in connection with the original felony conviction.*" (*In re J.C., supra,* 246 Cal.App.4th at pp. 1472-1474, fn. omitted, italics added.)

Our colleagues went on to note that a conviction for a wobbler offense charged as a felony has "traditionally been regarded as a felony until the point in time at which the trial court's sentencing decision converts it to a misdemeanor," and is only deemed a misdemeanor for all purposes following the decision. (*In re J.C., supra,* 246 Cal.App.4th at p. 1479.) Thus, "[i]f redesignation under section 1170.18 is similarly analogized to the treatment of wobbler offenses, the redesignation of a felony conviction would not justify DNA record expungement. Under section 299, subdivision (b), a person is entitled to expungement of his or her DNA record only 'if the person has no past or present offense or pending charge which qualifies that person for inclusion.' (§ 299, subd. (a).) If a felony conviction redesignated as a misdemeanor pursuant to section 1170.18 is treated as a felony up until the time of redesignation, similar to a wobbler felony conviction under section 17, the defendant would continue to have a past qualifying conviction even

11

after the redesignation. Under the terms of section 299, the defendant would not be entitled to expungement of his or her DNA record." (*In re J.C., supra*, at p. 1479.)

We agree with our colleague's reasoning in this regard and, thus, conclude, like our colleagues, that section 1170.18 should be treated like section 17 for purposes of the DNA Database Act, with the effect that a felony reclassified as a misdemeanor under section 1170.18 remains a qualifying offense under the Act, precluding the offender from obtaining additional relief in the form of expungement on the basis of such reclassification. (Accord *Coffey, supra,* 129 Cal.App.4th at pp. 821-822 [section 299(f), as enacted in 2004, "merely clarified existing law" that a defendant is not entitled to expungement of a DNA record when a wobbler conviction is reduced to a misdemeanor pursuant to section 17].) As stated above, the Act is quite clear that a defendant, including a juvenile, becomes subject to the DNA submission requirement upon being "convicted of or plead[ing] guilty or no contest to any felony offense," and "regardless of the . . . disposition rendered or placement made in the case of juvenile who is found to have committed any felony offense . . . ." (§ 296, subds. (a)(1), (b).) As such, the fact that an admitted felony offense is later reclassified as a misdemeanor does not change the offense's status as a qualifying offense for purposes of the Act.

Moreover, even before its recent amendment, section 299, subdivision (f), expressly stated that, *notwithstanding any other law*, a judge cannot relieve a defendant of the administrative duty to provide DNA for inclusion in the state's DNA database. Given this particular language, we decline to read the more general language in section 1170.18 that an offense reclassified as a misdemeanor must be treated as a misdemeanor "for all purposes" as a legislative grant of authority to a judge to disregard the restrictions placed upon his or her authority by section 299, subdivision (f). (See *Coffey, supra*, 129 Cal.App.4th at p. 823 ["since the definition and consequence of a 'misdemeanor' is a creation of the Legislature, the term 'all purposes' merely refers to the purposes delineated by the Legislature. And because the Legislature has determined that a defendant whose sentence is reduced to a misdemeanor under section 17, subdivision (b), *must* provide DNA samples (§ 296), it cannot be that a defendant is

12

insulated from providing DNA samples merely because his sentence is reduced to a misdemeanor under section 17, subdivision (b)"].  Indeed, the law of statutory interpretation requires the opposite.  (See *Ni v. Slocum* (2011) 196 Cal.App.4th 1636, 1647 [The phrase "notwithstanding any other provision of law" generally expresses a legislative intent " ' "to have the specific statute control despite the existence of other law which might otherwise govern" ' " and to " ' "declare[] the legislative intent to override all contrary law." ' "].)  The law of statutory interpretation also dictates that where, similar to here with section 17(b), "legislation has been judicially construed and a subsequent statute on a similar subject uses identical or substantially similar language, the usual presumption is that the Legislature [or the voters] intended the same construction, unless a contrary intent clearly appears." (*In re Jerry R.* (1994) 29 Cal.App.4th 1432, 1437; see also *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1100 ["the language in [section 1170.18, subdivision (k)] that a conviction that is reduced to a misdemeanor under that section '*shall be . . . a misdemeanor for all purposes*' is not significantly different from the language in section 17(b), which provides that after the court exercises its discretion to sentence a wobbler as a misdemeanor, and in the other circumstances specified section 17(b), '*it is a misdemeanor for all purposes*.'  (Italics added.) . . .  [I]n construing this language from section 17(b), the California Supreme Court has stated that the reduction of the offense to a misdemeanor does not apply retroactively' "].)

Moreover, our interpretation of section 1170.18 is consistent with the goal of promoting harmony among different, but related, statutory schemes if reasonably possible.  (See *State Dept. of Public Health v. Superior Court* (2015) 60 Cal.4th 940, 955-956.)  As mentioned above, both Proposition 47 and Proposition 69 were intended to promote public safety.  And while Proposition 47 does indeed serve the goal of reducing penalties for certain nonserious and nonviolent offenders, the electorate, when passing Proposition 69, specifically acknowledged the link between nonviolent convicted criminals and violent crime.  To wit, as set forth in Proposition 69's statement of purpose: "(d) Expanding the statewide DNA Database and Data Bank Program is:  [¶] . . . (2) The

most reasonable and certain means to solve crimes as effectively as other states which have found that the majority of violent criminals have nonviolent criminal prior convictions, and the majority of cold hits and criminal investigation links are missed if a DNA data base or data bank is limited only to violent crimes." (Voter Information Guide, Gen. Elec. (Nov. 2, 2004) text of Proposed Laws, § II (Findings and Declarations of Purpose), p. 135.) By interpreting section 1170.18 as redesignating minor's felony offense as a misdemeanor for all purposes going forward from the date of the court's redesignation order (and, thus, not for the purpose of determining whether the offense qualifies for DNA submission under Proposition 69), we reconcile any potential tension or inconsistency between section 1170.18, on the one hand, and sections 296 and 299, on the other, while still advancing the measures' common goals of promoting public safety, enhancing crime-solving capabilities, focusing prison spending on violent and serious offenses, and maximizing alternatives for nonserious, nonviolent crime. (See Voter Information Guide, *supra*, argument in favor of Prop. 47, at p. 38.)

We hasten to add that, if there was any doubt about the proper interplay between Proposition 47 and the DNA Database Act, it was recently laid to rest by the legislative amendment adding section 1170.18 to the non-exhaustive list of statutes identified in section 299 which, by statutory mandate, bar a trial court from relieving an otherwise qualified person from his or her administrative duty to submit DNA samples. This amendment clarified what was arguably ambiguous in the former statute—to wit, that the redesignation procedure under section 1170.18 does not give rise to a right to relief from the defendant's DNA submission obligations under section 299. As such, the legislative amendment confirms our interpretation of the statutory framework set forth above that expungement is not part of the relief available to criminal defendants under Proposition 47.[7]

---

[7] Minor makes much of the fact that, when amending section 299, the Legislature referenced just one particular case, *People v. Buza* (2014) 231 Cal.App.4th 1446 (*Buza)*, a decision regarding the proper scope of section 299 currently before the California Supreme Court for review. Section 299, subdivision (g) provides that "[t]his section shall

14

Minor attempts to draw a distinction between the "administrative duty to provide [DNA samples]," referred to in the amended version of section 299, subdivision (f), and the requirement that the Department of Justice DNA Laboratory "expunge DNA . . . samples" under certain circumstances, referred to in section 299, subdivision (e), but not in section 299, subdivision (f). However, the same argument was discussed and rejected by our colleagues in *In re J.C.*: "The minor argues section 299(f) could not have been intended to affect a court's duty to order expungement under section 299, subdivision (b) because section 299(f) speaks of 'reliev[ing]' a defendant of the 'duty to provide' a DNA sample, language that, as the minor argues, 'applies to a situation where a person has yet to submit a sample.' As explained above, while we might agree in the absence of the statutory references to sections 17, 1203.4, and 1203.4a, the inclusion of those statutes makes sense only if section 299(f) is interpreted as precluding expungement when an originally qualifying offense is reduced to a nonqualifying offense in the course of judicial proceedings. We acknowledge the use of the phrase 'relieve . . . of the separate administrative duty to provide' is not an intuitive way to refer to expungement, but the language has been so understood at least since the issuance of *Coffey*, over 10 years ago." (*In re J.C., supra*, 246 Cal.App.4th at p. 1475.)

---

become inoperative if the California Supreme Court rules to uphold the California Court of Appeal decision in [*Buza*] in regard to the provisions of Section 299 . . . , as amended by Section 9 of the DNA Fingerprint, Unsolved Crime and Innocence Protection Act, Proposition 69, approved by the voters at the November 2, 2004, statewide general election, in which case this section shall become inoperative immediately upon that ruling becoming final." As minor notes, the Legislature did not acknowledge, much less purport to overrule *Alejandro*, the decision discussed above holding that expungement is required when a criminal defendant's request under section 1170.18 to reclassify a felony offense as a misdemeanor is granted. We decline to read any significance into the Legislature's silence on this matter. (See *People v. Harrison* (1989) 48 Cal.3d 321, 329 ["The Legislature . . . is deemed to be aware of statutes and judicial decisions already in existence, and to have enacted or amended a statute in light thereof."].) Moreover, *Buza* is inapposite. There, unlike here, the issue is the constitutionality of section 299 as it relates to expungement of DNA samples submitted by arrestees who are not thereafter convicted of a qualifying crime.

15

We again agree with our colleagues' reasoning and adopt it for purposes of this case. Under a reasonable reading of section 299, considered in its entirety and as a whole, if a judge is not authorized to relieve a defendant of his or her administrative duty to submit DNA, the judge is not authorized to order the expungement of his or her DNA. (See also *Taxpayers to Limit Campaign Spending v. Fair Political Practices Commission, supra,* 51 Cal.3d at p. 764 [principles of statutory interpretation require courts to "reconcile or harmonize conflicting statutory provisions in an effort to give effect to all provisions if it is possible].)

Finally, we turn to minor's argument that Bill No. 1492, enacted after entry of the challenged order, cannot apply retroactively to his case because it impermissibly amends section 299. (See *Proposition 103 Enforcement Project v. Quackenbush* (1998) 64 Cal.App.4th 1473, 1487 ["the Legislature cannot indirectly accomplish . . . what it cannot accomplish directly by enacting a statute which amends the initiative's statutory provisions"].) According to minor, this bill "effectively amend[ed] Proposition 47 by creating a new exception to the treatment of reclassified crimes as misdemeanors." Or, "[s]aid another way, it authorizes the retention of DNA samples from reclassified offenders—something Proposition 47 prohibits by mandating that reclassified offenses be treated as misdemeanors for all purposes except firearm restrictions." We again disagree.

As our discussion from above makes clear, Bill No. 1492 did not amend section 1170.18. Rather, the bill clarified section 299 by adding section 1170.18 to the otherwise non-exhaustive list of statutes in subdivision (f) barring lower courts from excusing qualifying defendants from their administrative duty to submit DNA. Even assuming the former version of the statute was susceptible to minor's proposed interpretation (to wit, an interpretation omitting section 1170.18 from the list of statutes delineated therein), the fact that two equally reasonable interpretations exist merely confirms the statute's ambiguity and, thus, the impetus for its legislative amendment. (See *In re J.C., supra*, 246 Cal.App.4th at p. 1479 [acknowledging two distinct, yet equally plausible, readings of the relevant statutes governing DNA record expungement, to wit, one treating a redesignated conviction under section 1170.18 as a misdemeanor

16

from the date of conviction, per *Alejandro*, and the other treating it as such from the date of sentence recall, per *Coffey* and section 17].)

Accordingly, we conclude the current version of section 299, subdivision (f), may be properly applied to this appeal regardless of the fact that the juvenile court order under challenge predated its amendment. (E.g., *Carter v. California Dept. of Veterans Affairs* (2006) 38 Cal.4th 914, 922 ["A statute that merely clarifies, rather than changes, existing law is properly applied to transactions predating its enactment."]; *Negrette v. California State Lottery Com.* (1994) 21 Cal.App.4th 1739, 1744 ["An amendment which merely clarifies existing law may be given retroactive effect even without an expression of legislative intent for retroactivity."].)

Thus, for all the reasons stated, we affirm the juvenile court's order barring expungement of minor's DNA samples from the state database following the reclassification of his offense as a misdemeanor.

## DISPOSITION

The juvenile court order denying minor's request for an order to expunge his DNA records from the state database is affirmed.

_____
Jenkins, J.


I concur:


_____
Siggins, J.




*In re C.B.*, A146277

17

POLLAK, J., Dissenting.

Because the retention of an individual's DNA sample is not authorized based on an adjudication that the person committed a misdemeanor, and because Proposition 47 requires that offenses redesignated from felonies to misdemeanors under its provisions be treated as misdemeanors "for all purposes" except with respect to firearm restrictions, I believe that minor is entitled to the expungement of his DNA sample from the state's database.

"Proposition 47 enacted ' "the Safe Neighborhoods and Schools Act" ' (the Act), effective November 5, 2014. [Citation.] The Act changed portions of the Penal Code and Health and Safety Code to reduce various drug possession and theft-related offenses from felonies (or wobblers) to misdemeanors, unless the offenses were committed by certain ineligible offenders. [Citation.] . . . [¶] In addition to reclassifying certain felonies as misdemeanors, Proposition 47 also added section 1170.18 to the Penal Code.[1] Section 1170.18 provides an opportunity for qualifying offenders who incurred their felony convictions before the effective date of the Act to benefit from the Act's reclassification provisions. . . . As to a person 'who has completed his or her sentence for a conviction' of a felony, subdivisions (f), (g), and (h) of section 1170.18 provide that the person may petition the court to have the felony conviction designated as a misdemeanor. [Citation.] The statute . . . provides that a felony conviction that is resentenced or designated as a misdemeanor '*shall be considered a misdemeanor for all purposes*' except with respect to firearm restrictions." (*Alejandro N. v. Superior Court* (2015) 238 Cal.App.4th 1209, 1222-1223, fns. & first italics omitted (*Alejandro*).)[2]

---

[1] All statutory references are to the Penal Code unless otherwise noted.

[2] Proposition 47, an initiative measure, was adopted at the November 4, 2014 general election. Section 1170.18 was included as section 14 of Proposition 47. Section 1170.18 provides in relevant part as follows: "(f) A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies, who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions

1

There is no dispute that minor's prior offense was properly designated a misdemeanor under section 1170.18, subdivision (g). And, as set out in footnote 2 above, subdivision (k) of section 1170.18 provides that "[a]ny felony conviction that is . . . designated as a misdemeanor under subdivision (g) *shall be considered a misdemeanor for all purposes*, except that such resentencing shall not permit that person to own, possess, or have in his or her custody or control any firearm or prevent his or her conviction [for possession of a firearm]." (Italics added.)

The DNA and Forensic Identification Database and Data Bank Act of 1998 (§ 295 et seq.), as amended, is intended "to require DNA and forensic identification data bank samples from all persons, including juveniles, for the felony and misdemeanor offenses described in subdivision (a) of Section 296." (§ 295, subd. (b)(2).) Section 296, subdivision (a) specifies only felony offenses and misdemeanors that are sex or arson offenses.[3] The collection of DNA samples from persons adjudicated to have committed any other misdemeanor, including shoplifting, is not authorized. "DNA sampling is not required or authorized for a misdemeanor offense." (*Coffey v. Superior Court* (2005) 129 Cal.App.4th 809, 818 (*Coffey*); see also *In re J.C.* (2016) 246 Cal.App.4th 1462, 1470 (*J.C.*) ["Except as provided in section 296, subdivision (a)(3), persons convicted solely of misdemeanors are not required to provide DNA samples."].)

In *Alejandro*, which was decided just days after the trial court's order in this case, the court agreed that a person whose conviction is reduced from a felony to a misdemeanor under Proposition 47 is entitled to the expungement of his or her DNA

---

designated as misdemeanors. [¶] (g) If the application satisfies the criteria in subdivision (f), the court shall designate the felony offense or offenses as a misdemeanor. . . . [¶] . . . [¶] (k) Any felony conviction that is . . . designated as a misdemeanor under subdivision (g) shall be considered a misdemeanor for all purposes, except that such resentencing shall not permit that person to own, possess, or have in his or her custody or control any firearm or prevent his or her conviction under Chapter 2 (commencing with Section 29800) of Division 9 of Title 4 or Part 6 [prohibited possession of a firearm]."

[3]    Subdivisions (a)(1) and (a)(2) of section 296 refer only to felonies. Subdivision (a)(3) refers to felonies and misdemeanors requiring registration under section 290, for sex offenses, or section 457.1, for arson offenses.

2

from the database. (*Alejandro*, *supra*, 238 Cal.App.4th at pp. 1226-1230.) The court explained that section 1170.18, subdivision (k) "reflects the voters [intent that] the redesignated misdemeanor offense should be treated exactly like any other misdemeanor offense, except for firearm restrictions. Because the statute explicitly addresses what, if any, exceptions should be afforded to the otherwise all-encompassing misdemeanor treatment of the offense, and because only the firearm restriction was included as an exception, the enactors effectively directed the courts not to carve out other exceptions to the misdemeanor treatment of the reclassified offense absent some reasoned statutory or constitutional basis for doing so. [¶] At the time they enacted section 1170.18, the voters were presumed to have known of the existing statute authorizing DNA collection for felony, but not misdemeanor, offenders [citation], and yet they did not include DNA collection as an exception to the misdemeanor treatment of the offense. Thus, absent an intervening enactment providing otherwise, future offenders who commit a Proposition 47 reclassified misdemeanor offense will not be subject to DNA collection based solely on that offense." (*Alejandro*, *supra*, at pp. 1226-1228, fn. omitted.) "[T]he voters did not intend that a reclassified misdemeanor offense be deemed a felony for purposes of retention of DNA samples." (*Id.* at p. 1228.) If *Alejandro* was correctly decided and remains good law, minor is clearly entitled to expungement.

The Attorney General argues both that *Alejandro* was wrongly decided and that, in any event, a statutory amendment adopted subsequent to that decision requires a different result. The decision in *J.C.* does not adopt the first of these contentions but does agree as to the validity and effect of the statutory amendment.

The Attorney General contends that *Alejandro* was wrongly decided because section 299, rather than section 1170.18, subdivision (f), governs DNA expungement and section 299 does not provide for expungement in these circumstances. Section 299 authorizes the expungement of one's DNA from the databank if the person has not been

3

proved to have committed an offense justifying collection of the DNA sample.[4] In *Alejandro*, *supra*, 238 Cal.App.4th at page 1228, the court held that "[t]he fact that reclassification of a felony to a misdemeanor is not among the grounds listed in section 299[, subdivision (b)] for DNA expungement does not convince us the remedy is unavailable for Proposition 47 reclassified misdemeanor offenses." The court explained, "Section 299 provides for DNA expungement when a person '*has no past or present offense or pending charge which qualifies* that person for inclusion within' the DNA databank, and then lists several circumstances that provide the basis for an expungement request. [Citations.] The grounds for expungement listed in section 299 concern circumstances where an alleged offender is charged with an offense that qualifies for DNA collection, and then the case is not pursued or is dismissed, or the alleged offender is found not guilty or innocent. [Citation.] In these circumstances, the charged offense retains its qualification for DNA collection, but expungement of the DNA is warranted because the particular defendant is not guilty of that offense. In contrast here, under

---

[4]     Section 299 has provided at all relevant times in part as follows: "(a) A person whose DNA profile has been included in the databank pursuant to this chapter shall have his or her DNA specimen and sample destroyed and searchable database profile expunged from the databank program pursuant to the procedures set forth in subdivision (b) if the person has no past or present offense or pending charge which qualifies that person for inclusion within the state's DNA and Forensic Identification Database and Databank Program and there otherwise is no legal basis for retaining the specimen or sample or searchable profile. [¶] (b) Pursuant to subdivision (a), a person who has no past or present qualifying offense, and for whom there otherwise is no legal basis for retaining the specimen or sample or searchable profile, may make a written request to have his or her specimen and sample destroyed and searchable database profile expunged from the databank program if any of the following apply: [¶] (1) Following arrest, no accusatory pleading has been filed within the applicable period allowed by law, charging the person with a qualifying offense as set forth in subdivision (a) of Section 296 or if the charges which served as the basis for including the DNA profile in the state's DNA and Forensic Identification Database and Databank Program have been dismissed prior to adjudication by a trier of fact; [¶] (2) The underlying conviction or disposition serving as the basis for including the DNA profile has been reversed and the case dismissed; [¶] (3) The person has been found factually innocent of the underlying offense pursuant to Section 851.8, or Section 781.5 of the Welfare and Institutions Code; or [¶] (4) The defendant has been found not guilty or the defendant has been acquitted of the underlying offense."

4

Proposition 47 *the reclassified misdemeanor offense itself no longer qualifies as an offense permitting DNA collection*. This circumstance is outside the matters contemplated by the Penal Code DNA expungement statute." (*Alejandro*, pp. 1228-1229, fn. omitted; see also *Coffey, supra,* 129 Cal.App.4th at p. 817 [rejecting Attorney General's argument that section 299 is defendant's "sole remedy" because it is the "only statute[] addressing the destruction, expungement, and retention of DNA samples and profiles collected under the DNA [and Forensic Identification Database and Data Bank Act of 1998]."].) I believe the reasoning in *Alejandro* is unassailable.

The Attorney General also argues that *Coffey* compels a contrary result and that *Alejandro* incorrectly distinguished that case. (*Coffey*, *supra*, 129 Cal.App.4th 809; *Alejandro, supra*, 238 Cal.App.4th 1209.) In *Coffey*, the defendant was convicted of a "wobbler" that was charged as a felony but after the defendant completed a successful probationary period sentenced as a misdemeanor under section 17.[5] The court rejected the defendant's contention that his DNA should never have been collected because "[a]t the time the DNA samples were collected from Coffey he had pled guilty to the charge of felony assault, and had not yet completed the requirements for reduction of the charge to a misdemeanor." (*Coffey*, p. 820.) The court also held that Coffey was not entitled to expungement because even though section 17, subdivision (b) made the offense a "misdemeanor for all purposes," his plea to the offense as a felony was determinative of the right to enter his DNA into the databank and section 17 rendered his offense a misdemeanor for all purposes only "*thereafter*, without any retroactive effect." (*Coffey*, p. 823.) In reaching this conclusion the court relied on the fact that section 299,

---

[5]   Section 17, subdivision (b) provides in relevant part: "When a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170, or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: [¶] . . . [¶] (3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor."

subdivision (f) explicitly prohibited the court from relieving a person of the obligation to provide a DNA sample if found guilty of a qualifying offense, " '[n]otwithsanding any other provision of law, *including section . . . 17.*' "[6] (*Coffey*, p. 821.) "[B]ecause the Legislature has determined that a defendant whose sentence is reduced to a misdemeanor under section 17, subdivision (b), *must* provide DNA samples (§ 296), it cannot be that a defendant is insulated from providing DNA samples merely because his sentence is reduced to a misdemeanor under section 17, subdivision (b)." (*Coffey*, p. 823.)

*Alejandro* correctly distinguished the circumstances in *Coffey,* where the defendant had pled guilty to the offense as a felony but at sentencing the offense was deemed a misdemeanor under section 17, from the situation in which a defendant's offense has been reclassified as a misdemeanor pursuant to section 1170.18. Reclassification of a conviction under section 1170.18 is not analogous to reduction of charges under section 17. Wobbler offenses may be sentenced and classified as misdemeanors because the court determines in its discretion that the particular circumstances of a case justify treating the offense as less serious than a felony. Relevant factors in the exercise of that discretion are " 'the nature and circumstances of the offense, the defendant's appreciation of and attitude toward the offense, and his traits of character as evidenced by his behavior and demeanor at the trial.' " (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 978.) While the trial court sentencing a wobbler as a misdemeanor determined that " 'the rehabilitation of the convicted defendant either does not require, or would be adversely affected by, incarceration in state prison as a felon' " (*People v. Park* (2013) 56 Cal.4th 782, 790), it remains true that the person was found or pleaded guilty to the offense as a felony. In contrast, when the voters

---

[6]     At the time, section 299, subdivision (f) read as follows: "Notwithstanding any other law, including Sections 17, 1203.4, and 1203.4a, a judge is not authorized to relieve a person of the separate administrative duty to provide specimens, samples, or print impressions required by this chapter if a person has been found guilty or was adjudicated a ward of the court by a trier of fact of a qualifying offense as defined in subdivision (a) of Section 296 . . . ." (Prop. 69, § 111.9, as approved by voters, Gen. Elec. (Nov. 2, 2004, eff. Nov. 3, 2004).)

6

reclassified certain offenses as misdemeanors under Proposition 47, they changed the nature of those offenses in all cases from felonies (or wobblers) to misdemeanors. As explained in *Alejandro*, *supra*, 238 Cal.App.4th at page 1230, "distinct from wobbler offenses—the offenses now classified as misdemeanors for qualifying offenders under Proposition 47 have permanently been removed from the felony category and are no longer subject to DNA collection." Moreover, as the court in *Alejandro* pointed out— correctly at the time—"[u]nlike the circumstances in *Coffey,* there is no statutory provision reflecting a Legislative or voter determination that a DNA sample should be retained for an offender whose offense has been designated a misdemeanor under Proposition 47." (*Alejandro*, pp. 1229-1230.)

The Attorney General argues that whatever the situation when *Alejandro* was decided, the law has been changed by an amendment to section 299, subdivision (f) that was enacted subsequent to that decision. The majority here adopts this argument. In the course of enacting alternative amendments to sections 298 and 299, one of which will become effective depending on how the Supreme Court rules on an appeal challenging the constitutionality of requiring a DNA sample from an individual on the basis of the person's arrest, the Legislature inserted reference to section 1170.18 into section 299, subdivision (f). (Stats. 2015, ch. 487, § 4.) Thus, the provision quoted in footnote 6 above now begins, "Notwithstanding any other law, including Sections 17, *1170.18,* 1203.4, and 1203.4a . . . ." (§ 299, subd. (f), italics added.)

It is doubtful that this amendment bears upon the right to an expungement. Section 299, subdivision (f) precludes the court from "reliev[ing] a person of the separate administrative duty to *provide*" a specimen if found to have committed a qualifying offense. (Italics added.) Unlike all other subdivisions of section 299, which address the right to have one's "DNA specimen and sample destroyed and searchable database profile expunged from the databank program" (§ 299, subds. (a), (b), (c)(1), (c)(2), (d),

(e)), subdivision (f) refers to "provid[ing]" a sample and says nothing about expungement.[7]

Even accepting the Attorney General's questionable premise that the amendment to subdivision (f) was intended to preclude expungement based on the reclassification of a felony as a misdemeanor pursuant to section 1170.18, I disagree with the Attorney General and my colleagues that the amendment would be valid. Although section 1170.18, subdivision (k)—part of Proposition 47—provides that offenses reclassified as a misdemeanor pursuant to section 1170.18 shall be treated as a misdemeanor for all purposes, the amendment to section 299, so construed, would treat a reclassified offense as a felony precluding expungement rather than as a misdemeanor entitling the defendant to expungement. Article 2, section 10, subdivision (c) of the California Constitution requires that " '[w]hen a statute enacted by the initiative process is involved, the Legislature may amend it only if the voters specifically gave the Legislature that power, and then only upon whatever conditions the voters attached to the Legislature's amendatory powers.' " (*People v. Armogeda* (2015) 233 Cal.App.4th 428, 434.) Section 15 of Proposition 47 provides that "[t]he provisions of the measure may be amended by a two-thirds vote of the members of each house of the Legislature and signed by the Governor so long as the amendments are consistent with and further the intent of

---

[7]    The opinion in *J.C.* acknowledges that the language of section 299, subdivision (f) "standing alone, appears to prohibit courts only from preventing the provision of a DNA sample, rather than prohibiting expungement of the record of a sample already provided." (*J.C.*, *supra*, 246 Cal.App.4th at p. 1472.) However, the opinion then concludes that the provision was also intended to preclude expungement based on the inclusion in subdivision (f) of reference to sections 17, 1203.4 and 1203.4a that relate to offenses which in all events would require providing a DNA sample to the databank. Whatever the logic of this inference, there is no suggestion that the language of subdivision (f) is ambiguous. "Providing" a DNA specimen obviously is not the same as "destroying" or "expunging" a specimen. In construing a statute, "[w]e look first to the words of the statute, 'because the statutory language is generally the most reliable indicator of legislative intent.'" (*Klein v. United States of America* (2010) 50 Cal.4th 68, 77.) "If the statutory language is unambiguous, 'we presume the Legislature meant what it said, and the plain meaning of the statute governs.' " (*People v. Toney* (2004) 32 Cal.4th 228, 232.) *J.C.* impermissibly rewrites the words of subdivision (f).

this act."[8] An amendment is " 'a legislative act designed to change an existing initiative statute by adding or taking from it some particular provision.' " (*People v. Superior Court* (*Pearson*) (2010) 48 Cal.4th 564, 571.) If the amendment to section 299 is construed to treat a reclassified offense as a felony rather than as a misdemeanor for the purpose of determining the right to expungement, the amendment would be inconsistent with the intent of Proposition 47, and therefore invalid.

In *J.C.* the court found no inconsistency between this understanding of the amendment and the initiative, reasoning that Proposition 47 "does not clearly either require or prohibit expungement of the records of previously provided DNA samples." (*J.C., supra,* 246 Cal.App.4th at p. 1483.) However, section 1170.18, subdivision (k) provides that the redesignated offense shall be treated as a misdemeanor "for all purposes" and one such purpose clearly is determining whether the offender is entitled to have his or her DNA sample expunged from the databank. The initiative explicitly excepted from "all purposes" the application of firearm restrictions but contains no such exception for application of the DNA sampling provisions. For those purposes, therefore, Proposition 47 requires the offense to be treated as a misdemeanor, requiring expungement. If the amendment to section 299, subdivision (f) is construed to prohibit expungement, the section would prohibit what Proposition 47 authorizes. So construed, the amendment therefore would be invalid. (*People v. Superior Court* (*Pearson*), *supra*, 48 Cal.4th at p. 571.)

This conclusion is not at odds with the interpretation of section 17, as construed in *Coffey supra*, 129 Cal.App.4th 809. As the court pointed out in *Alejandro,* when a defendant is sentenced for an offense pled as a felony but sentenced as a misdemeanor pursuant to section 17, it remains true that the defendant was found or pleaded guilty to a felony offense. In contrast, "offenses now classified as misdemeanors for qualifying offenders under Proposition 47 have permanently been removed from the felony

---

[8]     Assembly Bill No. 1492 was passed by the required two-thirds vote. (Assem. Weekly Hist. (2015-2016 Reg. Sess.) Feb. 4, 2016, p. 928.)

9

category." (*Alejandro, supra,* 238 Cal.App.4th at p. 1230.) Moreover, although *Coffey* did involve a request for expungement, the court's analysis focused on the petitioner's contentions that *taking* the DNA sample violated the petitioner's Fourth Amendment rights and that a "conviction" under a wobbler did not occur until sentencing. As the Court of Appeal opinion states, Coffey "essentially argued that the collection of the DNA sample violated his Fourth Amendment rights because it was not authorized by the DNA Database Act. Although Coffey asserted that the proper remedy was expungement under section 299 . . . , in context he was merely attempting to justify a particular remedy by analogy, not undertaking to meet the prerequisites of section 299 or rely on its statutory authority.' (*Coffey*, *supra*, at p. 816.) In rejecting Coffey's arguments, the Court of Appeal held that the "for all purposes" language in section 17 did not mean that the prior order under section 296 requiring the petitioner to *provide* a DNA specimen, correct when entered, should retroactively be determined to have been erroneous. This conclusion was consistent with prior Supreme Court decisions that section 17 applies only prospectively. (E.g., *People v. Feyrer* (2010) 48 Cal.4th 426, 439 ["If ultimately a misdemeanor sentence is imposed [pursuant to section 17, subdivision (b)], the offense is a misdemeanor from that point on, but not retroactively."], superseded by statute on another ground in *People v. Park* (2013) 56 Cal.4th 782, 789, fn. 4.)

The opinion in *Coffey* did not suggest that a wobbler sentenced as a misdemeanor, though formerly a felony, should not be treated as a misdemeanor when relevant to a future application before the court. The petition before the court in *Coffey* challenged retroactively the validity of the order that required Coffey to provide his DNA sample. The court did not focus on whether the reduced classification of the offense should apply to a future application not based on a challenge to the validity of the prior order.

Unlike the application before the court in *Coffey,* minor's request for expungement is not based on a challenge to the validity of the order that required him to provide his DNA sample. He does not seek to retroactively invalidate an order he acknowledges was correctly entered. Rather, he contends that although he was correctly ordered to provide the sample, now that his offense has been reclassified as a misdemeanor pursuant to

10

section 1170.18 he no longer has been convicted of a qualifying offense and therefore he is entitled to have his specimen removed from the database. He does not seek retroactive application of section 1170.18 but prospective application to his request for expungement. The distinction parallels the distinction that has been made in interpreting section 17. The "for all purposes" phrase in section 17 does not mean that an enhancement in another case based upon the defendant having previously been convicted of a wobbler charged as a felony should be set aside when the wobbler offense is later sentenced under section 17 as a misdemeanor. (*People v. Park, supra,* 56 Cal.4th at p. 802 ["There is no dispute that, under the rule in [cases holding a wobbler to be a felony for all purposes unless reduced pursuant to section 17], defendant would be subject to the section 667(a) enhancement had he committed and been convicted of the present crimes before the court reduced the earlier offense to a misdemeanor."].) However, the "for all purposes" requirement does mean that the offense cannot be used prospectively to impose a new enhancement based on the offense having previously been designated as a felony. (*Park*, p. 804 [The "reduction of a wobbler to a misdemeanor under section 17(b) generally precludes its use as a prior felony conviction in a subsequent prosecution."]. ) That is the same distinction that has been recognized in recent cases applying section 1170.18, rejecting applications to set aside enhancements previously imposed based on an offense that was formerly but is no longer classified as a felony,[9] but holding that prospectively offenses reclassified under section 1170.18 cannot be treated as a felony to impose new enhancements. (*People v. Abdallah* (2016) 246 Cal.App.4th 736, 747 ["Proposition 47 precludes the court from using [a conviction reclassified under its terms as a misdemeanor] as a felony merely because it was a felony at the time the defendant committed the offense."].) Similarly, in the present case minor seeks only prospective application of section 1170.18.

---

[9] Review in several such cases has been granted by our Supreme Court with briefing deferred pending resolution of a related question in *People v. Valenzuela* (2016) 367 P.3d 682, review granted March 30, 2016, S232900.

11

Section 299, subdivision (a) provides that a person has the right to have his or her DNA specimen expunged from the databank pursuant to the procedures specified in subdivision (b) "if the person has no past or present offense or pending charge which qualifies the person for inclusion within" the databank. The reclassification of minor's offense thus brings him or her within the scope of section 299, subdivision (a), even though the circumstances creating the right to expungement are not within those specified in subdivision (b). Both *Alejandro* and *Coffey* recognize that section 299 does not provide exclusive authority for removing a specimen from the databank that does not belong there. (*Alejandro, supra*, 238 Cal.App.4th at pp. 1228-1229; *Coffey, supra,* 129 Cal.App.4th at p. 817.) When section 299 was originally enacted, the alternatives specified in subdivision (b) were virtually the only possible scenarios by which a person's DNA sample could have been included in the databank even though the person was not convicted of a qualifying offense. By changing what formerly was a qualifying offense into a nonqualifying offense, Proposition 47 has created a new situation in which this is now possible. There is no good reason why a person whose offense, by virtue of Proposition 47, has been determined to be a nonqualifying offense, should not be entitled to expungement in the same manner as those within the categories specified in subdivision (b).

The fundamental public policy that is relevant with respect to application of the DNA and Forensic Identification Database and Data Bank Act of 1998, as amended (§ 295 et seq.) is that the databank should include DNA samples from persons committing felonies and certain specified misdemeanors and not from persons who have not committed any such offense. The situation would of course be different if section 296 required the inclusion of DNA from persons convicted of any misdemeanor, but that is not the law. That is why the interest in crime solving, the reason for the DNA databank, provides no support for retaining the DNA of a person whose offense has been reduced to a misdemeanor under Proposition 47. Given the dichotomy drawn by the databank statute between felonies and (most) misdemeanors, the implementation of the policy choice made by the Legislature dictates removal from the databank of a DNA sample from a

12

person who has committed what has now been classified as a (non-sex or arson) misdemeanor. The databank statute reflects the policy determination that persons convicted of less serious offenses—most misdemeanors—need not have their DNA sample included in the databank, and Proposition 47 has established that certain offenses previously classified as felonies are less serious and are now misdemeanors for all purposes. No reason has been suggested why in light of these policies, DNA from persons convicted of a nonqualifying misdemeanor in the future should be excluded from the databank, but DNA from persons previously convicted of the same offense should be retained in the databank. Whatever ambiguity there may be in the meaning of section 299, subdivision (f), or uncertainty concerning the validity of the amendment to that provision, should be resolved in favor of upholding the policy decisions reflected in the databank statute and in Proposition 47.

I therefore conclude that insofar as the denial of minor's request to expunge his DNA sample from the state databank was based on the ground that the offense redesignated as a misdemeanor was previously a felony, the trial court erred in denying the request. Absent some other statutory basis for retention, minor's DNA sample should be expunged from the state databank.

_____
Pollak, Acting P.J.

*In re C.B.*, A146277

13

| | |
|---|---|
| Trial Court: | Contra Costa County Superior Court |
| Trial Judge: | Hon. Thomas M. Maddock |
| Counsel for Defendant and Appellant: | By appointment of the Court of Appeal under the First District Appellate Project's independent-case system. Anne Mania |
| Counsel for Plaintiff and Respondent: | Kamala D. Harris Attorney General; Gerald A. Engler, Chief Assistant Attorney General; Jeffrey M. Laurence Senior Assistant Attorney General; Donna M. Provenzano Supervising Deputy Attorney General; Aileen Bunney Deputy Attorney General |

*In re C.B.*, A146277

1